Susan R. SMITH, Plaintiff,

v.

ELECTRONIC DATA SYSTEMS COR-
PORATION, and Benefits Administra-
tion Committee, Defendants.

Civ. A. No. 86–K–1527.

United States District Court,
D. Colorado.

April 16, 1987.

Ronald E. Gregson, Denver, Colo., for plaintiff.

Walter A. Steele, Sandra L. Spencer, Denver, Colo., and Phillip N. Smith, Jr., Lawrence J. McNamara, Dallas, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff, a victim of multiple sclerosis, was terminated from employment with defendant EDS in 1985. EDS and the defendant committee, which is the administrator of EDS' employee benefit plan under the Employee Retirement Income Security Act, refused to consider plaintiff's "application for disability benefits on the ground that she was no longer employed." First Amended Complaint, ¶ 15.

Plaintiff's original complaint alleged separate claims under Colo.Rev.Stat. § 24–34–401 et seq., breach of contract, and outrageous conduct. On March 2, 1987, EDS moved for summary judgment on all of these claims. The motion was predicated on four basic arguments: (1) ERISA preempts all of plaintiff's state law claims; (2) the claim under the Colorado statute must be dismissed since that statute does not contemplate the relief requested; (3) as a matter of contract law, summary judgment should be granted on the breach of contract claim; and (4) as a matter of tort law, summary judgment should be granted on the outrageous conduct claim.

Plaintiff filed her response to the summary judgment motion on April 9, 1987. On April 10, she also moved to amend her complaint. This motion was granted. The first amended complaint states five claims for relief. The first three of these claims seek damages "in the form of denial of rights to medical leave and disability benefits, and emotional harm" for defendants' violation of 29 U.S.C. § 1104(a)(1)(A)(i). This statute is part of ERISA. The fourth claim seeks the same damages for defendants' violation of the ERISA provision found at 29 U.S.C. § 1140. The fifth claim requests damages for emotional harm, plus punitive damages, for outrageous conduct.

The amended complaint moots consideration of the second and third arguments posed in EDS' summary judgment motion. Moreover, my disposition of the preemption issue renders superfluous any consideration of EDS' fourth argument.

The preemption issue is controlled by the Supreme Court's recent opinion in *Pilot Life Insurance Co. v. Dedeaux*, —— U.S. ——, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). In *Dedeaux*, the Court acknowledged that the civil enforcement provisions posed by § 502(a) of ERISA, 29 U.S.C. § 1132(a), constitute "the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits, and that varying state causes of action for claims within the scope of § 502(a) would pose an obstacle to the purposes and objectives of Congress." —— U.S. at ——, 107 S.Ct. at 1555. The Court flatly held "that ERISA's civil enforcement remedies were intended to be exclusive." *Id.* Under *Dedeaux*, any "state law suit asserting improper processing of a claim for benefits under an ERISA-regulated plan" is not saved by 29 U.S.C. § 1144(b)(2)(A) and is accordingly preempted by 29 U.S.C. § 1144(a).

Following *Dedeaux* as I must, it is plainly apparent that plaintiff's claim of outrageous conduct cannot stand. This claim arises from the same conduct, transaction or occurrence as the ERISA claims. The outrageous conduct claim therefore asserts "improper processing of a claim for benefits under an ERISA-regulated plan." As such, it is clearly preempted and must be dismissed.[1]

In addition, all of plaintiff's allegations of emotional harm must be stricken from the four ERISA claims remaining in the first amended complaint. 29 U.S.C. § 1104 and 1140 both set forth liability standards, but neither section provides a vehicle for enforcement. To the contrary, § 1140 specifically refers to 29 U.S.C. § 1132 for enforcement. Section 1132 also supplies the enforcement mechanism for § 1104. *Simmons v. Prudential Insurance Co.*, 641 F.Supp. 675, 681 (D.Colo.1986). After *Dedeaux*, there can be no doubt that § 1132 provides the sole enforcement vehicle for plaintiff's ERISA claims.

In *Simmons*, I held that extra-contractual and punitive damages are not available under § 1132. *Id.* at 680–83. That analysis is dispositive of plaintiff's allegations of emotional harm. Plaintiff's remedies are limited to those Congress prescribed in § 1132.

Accordingly, IT IS ORDERED that defendant EDS' motion for summary judgment is granted in part and denied in part. The fifth claim for relief is dismissed from plaintiff's first amended complaint. All allegations of emotional harm, or of any other extracontractual damage or punitive damage, are stricken from the first amended complaint. Otherwise, the motion is denied.

---

1. Plaintiff seeks to sustain her outrageous conduct claim even in the face of *Dedeaux*. This argument is untenable. The Supreme Court has construed the Congressional intent behind ERISA's preemption provision so strongly that ERISA plaintiffs cannot even invoke the well pleaded complaint rule to avoid the statute's preemptive effect. *Metropolitan Life Insurance Co. v. Taylor*, —— U.S. ——, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).