**Cheryl BENVENUTO, Plaintiff,**

v.

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 84–3601.**

United States District Court, D. New Jersey.

Jan. 27, 1988.

Richard Stelnik, Hackensack, N.J., for plaintiff.

Richard M. Eittreim, and Marna L. Brown, McCarter & English, Newark, N.J., for defendant.

## OPINION

WOLIN, District Judge.

This matter is before the Court on defendant's motion for judgment on the pleadings to dismiss the amended complaint with prejudice for failure to state a claim in accordance with Fed.R.Civ.P. 12(c).

I. JURISDICTION—This Court has federal question jurisdiction under 28 U.S.C. § 1331(a) in light of Judge Ackerman's Opinion and Order dated as of September 25, 1987 which states that plaintiff's cause of action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

II. RELIEF—First, defendant moves for dismissal alleging that plaintiff has failed to properly plead jurisdiction under ERISA in the amended complaint. Second, defendant moves for a judgment on the pleadings and a dismissal of Count One of the amended complaint for failure to state a claim in accordance with Fed.R.Civ.P. 12(c). Third, defendant argues that plain-

tiff's claim for extra-contractual and punitive damages must be dismissed, as a matter of law, because ERISA does not recognize a remedy for this type of damage action.

Plaintiff, in response, argues that defendant has violated Local Rule 12(I) with respect to reargument on the issue of punitive damages under ERISA. Plaintiff then argues that the amended complaint comports with Judge Ackerman's order dated September 25, 1987, and also that said complaint does in fact allege jurisdiction under ERISA. Finally, plaintiff maintains that its claim for extra-contractual and punitive damages is in fact, and in law, supported by ERISA.

III. FACTS—The facts of this case are well known to this Court and are not disputed by the parties. Briefly summarized, plaintiff was employed as a flight attendant with Braniff Airways in January of 1982. She was at that time an eligible employee under a group medical insurance policy issued by defendant Connecticut General to Braniff Airways, Inc. Braniff was based in Dallas, Texas. Although plaintiff was then domiciled in New Jersey, she spent two and a half to three weeks per month in Dallas.

On January 11, 1982, plaintiff began allergy treatments with Dr. William Rea as an outpatient at Carrollton Community Hospital ("Carrollton") in Dallas. Plaintiff commenced treatment as an inpatient at Carrollton in February 1982 and was discharged in March 1982 after thirty-nine days of treatment. Plaintiff submitted insurance claims resulting from this treatment totaling $18,235.10. On July 13, 1983, Connecticut General paid plaintiff $15,567.17 under the policy.

In *Benvenuto v. Connecticut General Life Insurance Co.*, 643 F.Supp. 87, 89 (D.N.J.1986), plaintiff's state law claims were held to be preempted by ERISA. In a subsequent Opinion and Order dated as of September 25, 1987, plaintiff was granted leave to amend her complaint under ERISA.[1] In Count One of her Amended Complaint, plaintiff seeks $2,667.93, the

---

1. *See infra* note 2 and accompanying text.

balance of the medical costs. Moreover, in Count Two of her Amended Complaint, plaintiff seeks compensatory and punitive damages in excess of $3 million for alleged negligent and intentional mishandling of her claim.

### IV. LEGAL ANALYSIS—*A. Local Rule 12(I).*

Plaintiff first argues that defendant's motion to dismiss violates Local Rule 12(I) which provides that a motion to reargue shall be served and filed within ten days after the filing of the court's order or judgment on the original motion. Plaintiff here refers to Judge Ackerman's Opinion and Order dated September 25, 1987 [2] which permitted plaintiff to amend her complaint because of the Court's finding that under *Pilot Life Insurance Co. v. Dedeaux,* — U.S. —, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), ERISA preempts plaintiff's state law claims. Despite the fact that plaintiff briefed the issue of recovery of punitive damages under ERISA for that argument, the only issue then before the Court was whether plaintiff's state law claims had been preempted, and not whether punitive damages are available under ERISA. Accordingly, defendant may properly proceed with its present motion to dismiss.

### B. *Plaintiff's Failure to Allege Jurisdiction.*

Originally, plaintiff's complaint alleged jurisdiction on the basis of diversity of citizenship. However, pursuant to Judge Ackerman's Opinion and Order dated as of September 25, 1987 [3], plaintiff filed an amended complaint on October 9, 1987. As defendant aptly notes, plaintiff's amended complaint fails to allege any jurisdictional basis for an ERISA cause of action. As such, this amended complaint has failed to comply with the requirement of Fed.R.Civ.P. 8(a)(1) which states, in pertinent part, that plaintiff's complaint "shall contain [ ] a short, plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it[.]" [4]

This Court notes that the failure to comply with Rule 8(a)(1) can lead to dismissal because "[i]t is hornbook law that the jurisdiction of the federal court must appear in the plaintiff's statement of his claim." *Schultz v. Cally,* 528 F.2d 470 (3rd Cir. 1975) (citation omitted). *See also Tavoulareas v. Comnas,* 720 F.2d 192 (D.C.Cir. 1983) (jurisdiction must appear on face of complaint); *Bowman v. White,* 388 F.2d 756, (4th Cir.) (same), *cert. denied,* 393 U.S. 891, 89 S.Ct. 214, 21 L.Ed.2d 172 (1968). *But see Rohler v. TRW, Inc.,* 576 F.2d 1260 (7th Cir.1978) (complaint need not set forth statutory basis for court's jurisdiction if facts alleged provide same).[5]

Despite plaintiff's defective pleading, Judge Ackerman's opinion is clearly the law of the case. Therefore, in light of the liberal amendment policy of Rule 15(a) of the Federal Rules of Civil Procedure, *see Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (amendment of pleading appropriate where no undue prejudice will result) and 28 U.S.C. § 1653 [6], this Court considers plaintiff's Amended Complaint to include a proper allegation of ERISA jurisdiction.

The purpose of this statute is to "avoid dismissal of suits [exclusively] on technical grounds...." *Field v. Volkswagenwerk AG,* 626 F.2d 293, 306 (3rd Cir.1980). This Court also notes that the purpose of pleadings is to facilitate a proper decision on the merits of the case, *see Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), and to afford fair notice to the adversary of the "grounds upon which the plaintiff's claim rests." *Archie v. Chicago Truck Drivers, etc.,* 585 F.2d 210, 217 (7th Cir.1978).

---

**2.** Judge Ackerman's opinion notes that plaintiff's state law claims are preempted by ERISA and the accompanying order grants plaintiff leave to amend "paragraphs 15.20(s) and (t) of the First Count of the Amended Complaint[.]" Order at p. 2

**3.** *See supra* note 2.

**4.** In this case plaintiff's amended complaint relies on new grounds of jurisdiction because the theory has changed from one of diversity to that of federal question jurisdiction.

**5.** However, it is within the purview of this Court to allow the amendment of defective allegations of jurisdiction pursuant to 28 U.S.C. § 1653.

**6.** *See supra* note 5 and accompanying text.

*C. Extra–Contractual and Punitive Damages.* The technical issue of defective pleading aside, and because federal question jurisdiction unquestionably exists, this Court must now address defendant's motion to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

█ A motion to dismiss cannot be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] own claim which would entitle [her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Moreover, "it is well established that, in passing on a motion to dismiss, ... the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Even in light of this stringent standard, this Court, as a matter of law, must grant defendant's motion to dismiss plaintiff's amended complaint with respect to her claim for extra-contractual and punitive damages allegedly arising from defendant's intentional infliction of emotional distress under ERISA.

Because of the vagueness of plaintiff's complaint, it is not clear to this Court under which statutory provision, ERISA § 502(a)(2) [7] or § 502(a)(3) [8], plaintiff is seeking extracontractual punitive damages.

However, in light of *Massachusetts Mutual Life Insurance Company v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) (holding that a participant or beneficiary of a pension plan may not recover extra-contractual damages, including punitive damages for emotional distress, under ERISA § 409 as incorporated by § 502(a)(2)), this Court presumes that plaintiff brings her action pursuant to § 502(a)(3).[9]

In *Russell,* the Supreme Court held squarely that the language of ERISA § 409, which states that a fiduciary of a pension plan shall be subject to "such other equitable and remedial relief as the court may deem appropriate[,]" was not to be read too broadly and that this language did not "give[ ] rise to a private right of action for compensatory or punitive relief." 473 U.S. at 144, 105 S.Ct. at 3091.[10]

Despite the fact that plaintiff maintains that the "other appropriate equitable relief" language of ERISA § 502(a)(3)(B) contemplates awards for extra-contractual or punitive damages, she does not cite one case decided after the Supreme Court's decision in *Russell, supra,* in which a court permitted a plaintiff to proceed on an extra-contractual or punitive damages claim under ERISA.[11] Possibly the strongest

**7.** Section 502(a)(2) states:
   (a) A civil action may be brought—

   (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
29 U.S.C. § 1132(a)(2), ERISA § 502(a)(2).
   Section 409, as incorporated by § 502, states in pertinent part:
   Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which may have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A Fiduciary may also be removed for a violation of Section 1111 of this title.
   29 U.S.C. § 1109(a), ERISA § 409(a).

**8.** Section 502(a)(3) states:

   (a) A civil action may be brought—

   (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
29 U.S.C. § 1132(a)(3), ERISA § 502(a)(3).

**9.** In *Russell,* the Supreme Court explicitly reserved judgment on the issue of whether punitive damages are recoverable under ERISA § 502(a)(3). 473 U.S. at 139 n. 5, 105 S.Ct. at 3089 n. 5.

**10.** The Court's analysis included an examination of "the relevant text of ERISA, the structure of the entire statute, and its legislative history...." *Russell,* 473 U.S. at 148, 105 S.Ct. at 3094.

**11.** Plaintiff proffers *Bartucca v. Katy Industries, Inc.,* 668 F.Supp. 111 (D.Conn.1987) for the proposition that "punitive damages may be

and only post-*Russell* support for plaintiff's position can be found in *Powell v. Chesapeake & Potomac Telephone Co. of Virginia,* 780 F.2d 419 (4th Cir.1985), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986). In *Powell,* the Court noted that the legislative history of ERISA § 502(a)(3) incorporates the principles of trust law in which "exemplary damages are occasionally awarded in a few states where malice or fraud is involved[.]" 780 F.2d at 489 (citation omitted). Despite its discourse on the finer points of trust law, the *Powell* Court concludes:

> Thus, the provision of "other appropriate equitable relief," whatever it embraces, cannot be held to authorize extra-contractual or punitive damages for the breach of a plan administrator's fiduciary duties under ERISA.

780 F.2d at 424 (footnote omitted).

Although the Court of Appeals for the Third Circuit has not yet spoken on whether a plaintiff may proceed under a claim for extra-contractual and punitive damages under ERISA § 502(a)(3), this Court notes the apparent unanimity in those Circuit Courts of Appeal which have considered this issue in light of the *Russell* holding. *See Kleinhans v. Lisle Savings Profit Sharing Trust,* 810 F.2d 618 (7th Cir.1987) (in light of statutory construction, legislative history and principles of trust law, punitive damages are not available under ERISA § 502(a)(3)); *Varhola v. Doe;* 820 F.2d 809 (6th Cir.1987) (as a legal matter, punitive damages under § 502(a)(3) are unavailable

to plaintiffs); *Sokol v. Bernstein,* 803 F.2d 532 (9th Cir.1986) (logic of *Russell* precludes the availability of extra-contractual damages for emotional distress under § 502(a)(3)); *Sommers Drug Stores Co. Employees Profit Sharing Trust v. Corrigan Enterprises, Inc.,* 793 F.2d 1456 (5th Cir.1986) ("equitable relief" as used in law of trusts, does not encompass extra-contractual or punitive damages), *cert. denied,* — U.S. —, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987); *Powell, supra,* 780 F.2d 419 (4th Cir.1985).[12]

Moreover, this Court notes that the New Jersey District Court itself recently focused on whether punitive and exemplary damages were available under ERISA § 502(a)(3). In a word, the Court concluded that they were not. *Pane v. RCA Corporation,* 667 F.Supp. 168, 174 (D.N.J. 1987), *citing Covington v. Int'l Rehabilitation Associates, Inc.,* No. 86–3503, slip. op. (E.D.Pa. October 16, 1986) [Available on WESTLAW, 1986 WL 11703]. *See accord, Smith v. Electronic Data Systems Corp.,* 657 F.Supp. 1242 (D.Colo.1987) (dismissing plaintiff's claims for extra-contractual or punitive damages under ERISA).[13]

This Court further notes that with respect to plaintiff's claim for intentional infliction of emotional distress caused by the trustee's alleged dilatory processing of her disputed claim, plaintiff argues that in light of *Bartucca v. Katy Industries, Inc.,* "[s]imply stated, *Russell* cannot be read to limit a plan participant's or beneficiary's ability to redress a wrong done to [her] by

awarded where the defendant's actions have been sufficiently egregious." Plaintiff's brief at p. 9. However, in *Bartucca,* the Court concluded that "[p]laintiffs have afforded no persuasive authority [that ERISA provides for punitive damages.]" 668 F.Supp. at 114.

**12.** Prior to *Russell,* the Eighth Circuit noted that punitive damages were "inappropriate" under § 502(a). *Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208 (8th Cir.) (dictum), *cert. denied,* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981).

**13.** This Court notes that Judge Ackerman's Opinion of September 25, 1987 states:

> I will, however, allow plaintiff to amend her complaint and pretrial order to specify her claim for intentional infliction of emotional distress in accordance with ERISA, and to

take discovery in regard to that claim. As stated earlier, given the liberal amendment policy of Rule 15(a) and that plaintiff merely seeks to particularize her claim under ERISA, I am constrained from holding otherwise.

Opinion at pp. 10–11. In as much as Judge Ackerman's Opinion may be interpreted to contemplate a cause of action for emotional distress and/or punitive damages under ERISA, it is crucial to note that in allowing plaintiff leave to amend, his Opinion considers only "the resolution of the issue of ERISA preemption," Opinion at p. 4; nowhere does Judge Ackerman's Opinion confront the *Russell* issue of whether extra-contractual and punitive damages may, as a amtter of law, be sought under ERISA. *See supra* note 1 and accompanying text.

a breaching fiduciary." 668 F.Supp. 111, 113 (D.Conn.1987), *citing Foltz v. U.S. News & World Report, Inc.,* 627 F.Supp. 1143, 1165–67 (D.D.C.1986).[14] However, in dismissing plaintiff's claim for intentional infliction of emotional distress in *Pane v. RCA Corporation, supra,* the New Jersey District Court states that:

> Congress could have decided to include in ERISA a provision for damages from intentional infliction of emotional distress, but did not identify that as a separate cause of action in its scheme of pension plan regulation.

667 F.Supp. at 168. Despite the implication in *Foltz* that no " 'fine tuning' would be involved in holding that [section 502(a)(3) ] affords the plaintiff[ ] the relief [she] seek[s]," 627 F.Supp. at 1166, it is not the function of this Court to "tamper with an enforcement scheme crafted with such evident care as the one in ERISA." *Russell,* 473 U.S. at 147, 105 S.Ct. at 3092.[15]

V. CONCLUSION—In light of the overwhelming authority supporting the principle that neither extra-contractual nor punitive damages, as a matter of law, are available to an individual pension plan participant under either ERISA § 502(a)(2) or (3), and the paucity of support in opposition thereto, this Court finds that plaintiff is barred from pursuing punitive damages under her ERISA claim. Defendant's motion for summary judgment is hereby GRANTED with respect to Count Two of the Amended Complaint.

An appropriate order in conformity with this opinion shall be prepared by defendant and simultaneously served on the plaintiff.

---

**14.** The *Foltz* Court distinguished *Russell,* in part, based on a distinction between claims sounding in contract from those sounding in tort. This Court, however, is unmoved by plaintiff's characterization of her claim in an attempt to circumvent the "comprehensive and reticulated" framework of ERISA. *See Russell,* 473 U.S. at 146, 105 S.Ct. at 3092.

**15.** This Court notes that plaintiff is not without recourse under ERISA § 502. For example, a plaintiff may recover benefits due to her, enforce her rights or clarify her rights to future benefits under the terms of the plan. *See* ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).