**Patricia Joanne SETTLES, Plaintiff,**

v.

**GOLDEN RULE INSURANCE CO. and Jim Toyne Insurance, Inc., Defendants.**

**Civ. A. No. 88–2541–O.**

United States District Court, D. Kansas.

June 8, 1989.

Dwight D. Sutherland, Watson, Ess, Marshall & Enggas, Olathe, Kan., and Philip J. Adams, Jr., Watson, Ess, Marshall & Enggas, Kansas City, Mo., for plaintiff.

James D. Griffin, Diana M. Moore, Blackwell, Sanders, Matheny, Weary & Lombardi, Anthony F. Rupp, Shugart, Thomson & Kilroy, Overland Park, Kan., Thomas G. Kokoruda, Shughart, Thomson & Kilroy, Kansas City, Mo., and Guy E. McGaughey, Jr., McGaughey & McGaughey, Lawrenceville, Ill., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the defendant Golden Rule Insurance Company's (Golden Rule's) motion to dismiss the complaint of the plaintiff Patricia Joanne Settles (Settles) for failure to state a claim on which relief may be granted. *See* Fed. R.Civ.P. 12(b)(6). For the reasons discussed below, we grant the motion.

In considering a motion to dismiss, the factual allegations of the plaintiff's complaint must be accepted as true, and the court must draw all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Curtis Ambulance v. Shawnee County Board of County Commissioners,* 811 F.2d 1371, 1374–75 (10th Cir.1987). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir.1986). We must determine not whether the plaintiff will ultimately prevail, but whether she is entitled to offer evidence to support her claims. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686.

With these standards in mind, we turn to Settles' complaint and Golden Rule's motion. Stated briefly, the facts underlying this lawsuit are as follows: Settles' husband, William, was an employee of Long Motor Corporation and was covered by a group health insurance plan issued by Golden Rule. He was notified that his coverage was terminated, and he allegedly suffered a heart attack and died as a result of this notification. Settles' complaint alleges causes of action for (1) breach of contract, (2) the tort of outrage, (3) fraudulent denial of insurance coverage, and (4) wrongful death of the plaintiff's decedent.

Initially, Golden Rule contends that all of Settles' claims relate to an employee benefit plan, and that such claims are precluded by the Employee Retirement Income Security Act (ERISA). Settles asserts that ERISA does not preclude her claims because Golden Rule is not a fiduciary as defined by ERISA. Alternatively, she contends that claims such as hers typically are not precluded under ERISA.

■ Settles asserts that the "court must examine whether [Golden Rule] had fiduciary duties, since those duties are within the scope of [ERISA] while purely ministerial acts are not." *Robbins v. First American Bank of Virginia,* 514 F.Supp. 1183 (N.D. Ill.1981). We disagree. In *Robbins,* the court had to determine whether the defendant could be liable as a fiduciary under ERISA. However, although ERISA provides for unique liability for fiduciaries, the scope of its coverage is not limited to fiduciaries. Rather, the statute is extremely broad, regulating all aspects of employee welfare benefit plans. Consequently, even if Golden Rule is not a fiduciary, ERISA may preempt Settles' claims.

ERISA states the following with regard to preemption:

> Except as provided in subsection (b) of this section [ (the saving clause, which states that nothing in the subchapter preempts state laws regulating insurance, banking, or securities) ], the provisions of this subchapter and subchapter III of this chapter shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.

29 U.S.C. § 1144(a). Thus, ERISA comprehensively regulates employee welfare benefit plans, and "[i]f a state law 'relate[s] to ... employee benefit plan[s],' it is preempted." *Pilot Life Insurance Company v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39, 46 (1987). In *Pilot Life,* an employee was injured on the job, and his employer terminated and reinstated his benefits under a plan a number of times during the course of several years. *Id.* at 44, 107 S.Ct. at 1551, 95 L.Ed.2d at 45. The employee brought an action alleging common law tort and contract claims. *Id.* The Supreme Court recognized

> that the civil enforcement provisions of ERISA § 502(a) [are] the exclusive ve-

hicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits, and that varying state causes of action for claims within the scope of § 502(a) would pose an obstacle to the purposes and objectives of Congress.

*Id.* at 52, 107 S.Ct. at 1555, 95 L.Ed.2d at 50–51.

ERISA preemption extends beyond circumstances involving the processing of claims; the Tenth Circuit has recognized that "[t]he scope of ERISA preemption ... is very broad." *Straub v. Western Union Telegraph Co.*, 851 F.2d 1262, 1263 (10th Cir.1988). In *Straub*, the plaintiff was covered by the defendant's pension plan, and the defendant allegedly failed to include him in an increase in pension benefits and inform him of the effect his employment transfer might have on his benefits. *Id.* The court held that ERISA preempted the plaintiff's claims for breach of contract and negligent misrepresentation. *Id.* at 1264.

Other courts have held that various state law causes of action, most involving processing of claims, are preempted by ERISA. *See Johnson v. District 2 Marine Engineers Beneficial Association*, 857 F.2d 514, 517–18 (9th Cir.1988) (the plaintiffs submitted a claim for liver transplant expenses, the claim was denied, and the plan later amended to explicitly exclude claims for liver transplants as experimental surgery; the Ninth Circuit held that the plaintiffs' causes of action for fraud and emotional distress were preempted by ERISA); *Reilly v. Blue Cross & Blue Shield United of Wisconsin*, 846 F.2d 416, 424–26 (7th Cir.1988) (the plaintiffs' claim for in vitro fertilization was denied; the Seventh Circuit held that the plaintiffs' causes of action for breach of fiduciary duty, conspiracy, fraud, and bad faith were preempted by ERISA); *Pane v. RCA Corp.*, 667 F.Supp. 168, 173 (D.N.J.1987) (the plaintiff alleged that the defendant wrongfully withheld benefits from him under a severance plan; the court held that the plaintiff's causes of action for breach of the agreement and intentional infliction of emotional distress were preempted by ERISA); *Smith v. Electronic Data Systems Corp.*, 657 F.Supp. 1242, 1243 (D.Colo.1987) (the plaintiff filed a claim which was denied because the plaintiff was no longer employed with the defendant; the court held that the plaintiff's cause of action for outrageous conduct was preempted by ERISA).

▪ We are of the opinion that Settles' state law causes of action for breach of contract (count 1), the tort of outrage (count 2), and fraudulent denial of insurance coverage (count 3) relate to an employee benefit plan such that they are preempted by ERISA. Although the causes of action are not related to the processing of a claim, they arise from the termination of William Settles' coverage under the plan. This termination of coverage relates to the plan, and therefore comes within the scope of ERISA's preemption. Moreover, as mentioned above, precedent supports the dismissal of these claims. Thus, Golden Rule's motion to dismiss must be granted as to counts 1, 2, and 3 of the complaint.

▪ Although we have found no cases dealing with ERISA preemption of a wrongful death cause of action, we believe that Golden Rule's motion must be granted as to count 4. In that count, Settles' asserts that Golden Rule acted negligently in terminating William Settles' coverage under the plan, causing William Settles and the plaintiff to suffer damages. Precedent supports the proposition that a plaintiff may not recover under tort theories such as intentional infliction of emotional distress for injuries which are related to an employee benefit plan. Although the injury involved is more extreme, the instant case is analogous: Settles cannot recover under the tort theory of wrongful death for injuries which are related to the termination of her husband's coverage under a plan.

This result makes sense in light of the comprehensive nature of ERISA, which was enacted to

protect ... participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to

**1024**

participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

*Pilot Life,* 481 U.S. at 44–45, 107 S.Ct. at 1551–1552, 95 L.Ed.2d at 45–46 (quoting 29 U.S.C. § 1001(b)). ERISA provides for civil remedies, allowing a participant or a beneficiary to bring a cause of action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). As stated in by the Supreme Court, "the policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life,* 481 U.S. at 54, 107 S.Ct. at 1556, 95 L.Ed.2d at 52.

The remedies under ERISA, and the decisions of courts disallowing common law tort causes of action, make it clear that plan participants or their beneficiaries may recover only for plan benefits which are wrongly denied. Settles' cause of action for wrongful death seeks damages beyond plan benefits. These damages, like punitive damages, damages for mental anguish, or damages for emotional distress, may not be recovered if they relate to an employee benefit plan. Thus, Settles' wrongful death claim in count 4 must be dismissed.

IT IS THEREFORE ORDERED that the defendant Golden Rule's motion to dismiss is granted.