Constance **GARDELLA**, Plaintiff,

v.

The **MUTUAL LIFE INSURANCE COMPANY OF NEW YORK**, Defendant.

Civ. No. B–87–652 (TFGD).

United States District Court, D. Connecticut.

June 13, 1988.

Mark E. Fuhrman, Stamford, Conn., for plaintiff.

Scott S. Centrella, Richard E. Castiglioni, Stamford, Conn., for defendant.

### RULING ON DEFENDANT'S MOTION TO STRIKE

DALY, Chief Judge.

The above-captioned case was originally filed in state court as a breach of contract action. Upon defendant's petition, it was removed to this Court. Subsequently, plaintiff replaced the breach of contract claims with a two-count amended complaint seeking recovery of benefits due and for breach of fiduciary duty pursuant to Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(2), 1132(a)(3) and 1104. Defendant moves to strike plaintiff's jury claim.

The courts have not yet definitively resolved the issue of whether claims under ERISA may be tried to a jury. The disposition of the issue turns on whether ERISA claims are essentially legal or equitable in nature. *See Ross v. Bernhard*, 396 U.S.

531, 533, 90 S.Ct. 733, 735, 24 L.Ed.2d 729 (1970). The greater weight of authority in other circuits has held that there is no right to a jury trial under ERISA. *See, e.g., Turner v. CF & I Steel Corp.*, 770 F.2d 43, 46–47 (3rd Cir.1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986); *Berry v. Ciba–Geigy Corp.*, 761 F.2d 1003, 1006–07 (4th Cir.1985); *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985); *In re Vorpahl*, 695 F.2d 318, 321–22 (8th Cir.1982); *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir.1980); *Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, 627 F.2d 820, 829–30 (7th Cir.1980), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981).

The picture in this circuit, however, is not quite as clear. In *Pollock v. Castrovinci*, the trial court ruled that, after it decided the equitable issue of whether the pension plan in question could be reformed, the claim for the recovery of additional benefits could be tried to a jury. 476 F.Supp. 606, 609 (S.D.N.Y.1979), *aff'd mem.*, 622 F.2d 575 (2d Cir.1980). The Second Circuit has subsequently seriously questioned the holding of *Pollock*. In *Katsaros v. Cody*, the court of appeals concluded that there was no right to a jury trial of an ERISA claim seeking the remedy of restitution. 744 F.2d 270, 278–79 (2d Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984). In doing so, it noted that, in its summary affirmance of *Pollock*, it had not reached the issue of the right to a jury trial because that part of the trial court's ruling had become moot after the trial court concluded that the plan in question could not be reformed. *Id.* at 279. However, it left open in *Katsaros* the issue of whether claims under ERISA for money damages and recovery of benefits could be tried to a jury. *Id.* at 278. In the wake of *Katsaros*, the district courts in this circuit have split over this issue left unanswered by the court of appeals. *Compare Abrams v. Grand Light & Supply Co., Inc.*, Civ. No. N–84–158 (WWE), slip op. at 11–13 (D. Conn. Oct. 15, 1986) [1986 WL 22382] (no right to jury trial); *Powell v. General Dynamics Corp.*, Civ. No. H–85–

496 (MJB), slip op. at 4–7 (D.Conn. Nov. 25, 1985) (same); *Nobile v. Pension Committee of the Pension Plan for Employees of New Rochelle Hospital*, 611 F.Supp. 725, 727–28 (S.D.N.Y.1985) (same) *with Abbarno v. Carborundum Co.*, 682 F.Supp. 179, 181–82 (W.D.N.Y.1988) (claim for damages for nonpayment of benefits was essentially legal in nature and therefore plaintiff was entitled to jury trial); *Zotto v. Scovill, Inc.*, N–85–494 (JAC), slip op. (D.Conn. May 27, 1987) (ERISA claim coupled with a Labor Management Relations Act claim was essentially legal and therefore could be tried to a jury).

The statute itself does not specifically provide for a right to a jury trial, and its legislative history provides no indication that Congress intended such a right. *Wardle*, 627 F.2d at 828–29. In fact, given that federal courts had prior to the enactment of ERISA treated similar state law claims in diversity actions as equitable, it appears that Congress's silence on the issue reflects its intention that the courts treat ERISA claims as equitable. *Id.* at 829.

Merely because plaintiff seeks a monetary remedy does not require that the action be viewed as legal rather than equitable in nature and that she is therefore entitled to demand a jury. *Curtis v. Loether*, 415 U.S. 189, 196–97, 94 S.Ct. 1005, 1009–10, 39 L.Ed.2d 260 (1973); *In re Vorpahl*, 695 F.2d at 322. Claims under ERISA to recover benefits alleged to be due and for breach of fiduciary duty are analagous not to a legal action for breach of contract as plaintiff suggests,[1] but rather to an action by a beneficiary against a trustee under the law of trusts that have traditionally been viewed as equitable in nature. *In re Vorpahl*, 695 F.2d at 322; *Wardle*, 627 F.2d at 829. Furthermore, the arbitrary and capricious standard applicable to such claims is one traditionally for judges, and not for juries, to decide. *Calamia*, 632 F.2d at 1237; *Powell*, slip op. at 7.

Plaintiff relies heavily on *Zotto v. Scovill, Inc.*, N–85–494 (JAC), slip op. (D.Conn.

May 27, 1987). The plaintiff in *Zotto* brought claims under both the Labor Management Relations Act, 29 U.S.C. § 185, and ERISA. The court distinguished those cases that have concluded that no jury right existed under ERISA by noting that in *Zotto* the central issue of the case was the interpretation of the collective bargaining agreement and that the resolution of that distinctively legal issue would determine the ultimate outcome of the case. Therefore, the court held that the claims were more of a legal rather than equitable nature and plaintiff had a right to a jury trial. *Id.* at 14–15. These distinguishing factors are absent in the instant case.

In light of the greater weight of authority, including that of this district, holding that no right to a jury trial exists under ERISA and the absence of factors suggesting that plaintiff's claims are legal rather than equitable, the Court hereby GRANTS defendant's motion to strike the jury demand. Plaintiff shall file an amended complaint comporting with this ruling within fifteen days hereof.

SO ORDERED.

---

1. Plaintiff appears to concede that she has no right to a jury trial on the claim for breach of fiduciary duty in the second count of her amended complaint. *See Plaintiff's Memorandum in Opposition*, at 7; *Tourangeau v. Uniroy-al, Inc.*, Civ. No. N–86–208 (AHN), slip op. at 15–17 (D.Conn. Mar. 5, 1987) (action for breach of fiduciary duty under ERISA is an equitable claim).