## In re EMHART CORPORATION.

### Civ. No. N–86–510(AHN).

United States District Court,
D. Connecticut.

Aug. 12, 1988.

**154**

Gerard McEnery, Michael A. Dowling and D.S. Maclay, Marsh Day & Calhoun, Bridgeport, Conn., for plaintiffs.

Edwin G. Hebb, Jr. and Gregory W. Nye, Hebb & Gitlin, Hartford, Conn., Julia W. Manning, David S. Fortney, Sarah A. Kelly and Mark S. Dicter, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

William G. Bruner, III, Farmington, Conn., Group Counsel for Emhart Corp.

## RULING ON PENDING MOTIONS

NEVAS, District Judge.

In this nine-case consolidated action, brought under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1001 *et seq.*, nine plaintiffs seek to recover severance pay to which they claim they are entitled pursuant to a company severance pay policy purportedly governed by ERISA. The plaintiffs also seek from each defendant "appropriate equitable relief, including punitive damages," and reasonable attorneys' fees and costs. The defendants have moved the court to strike the plaintiffs' jury demands and claims for punitive damages. They also ask the court to dismiss the actions as against the defendant Royal E. Cowles, whom the plaintiffs have sued in his alleged capacity as the severance pay plan's administrator. Ruling from the bench at the conclusion of oral argument on the motions on March 11, 1988, the court granted the motion to strike for reasons stated on the record and herein memorialized and expanded upon. Having reserved ruling on the motion to dismiss, the court now denies it, for the reasons that follow.

### Background

The nine plaintiffs [1] were employed at the Farrel Roll Shop ("plant"), which was operated by a division of defendant USM Corporation, which was in turn a wholly-owned subsidiary of defendant Emhart Corporation. At all times pertinent to this action, the defendant Royal E. Cowles was Emhart's Vice President for Human Resources. On May 2, 1986, having sold the Farrel plant, Emhart ceased employing the

---

1. Robert Reichelt, Paul S. Juzwishen, Allen A. Michewich, Frank Misiewicz, William Mueller, Joseph Scarone, Linda Shingara, John D. Sweeney, and Harry Wajdowicz.

plaintiffs, who continued to work at the plant under its new owner.

According to the complaint,[2] the defendants maintained a severance pay policy which provided that an employee terminated for reasons other than misconduct would receive severance pay amounting to one week's earnings (calculated as of the time of termination) for every year of employment. The plaintiffs demanded such severance pay when they were dismissed, but it was denied them. Because there existed no formal internal appeals procedure, the plaintiffs had no private means of pressing their case with their employer. Although the severance pay policy was informal, unwritten, and unfunded, the plaintiffs assert that it constituted a "plan, fund or program" under ERISA, 29 U.S.C. Section 1002(1), and that in administering it with respect to the plaintiffs, the defendants failed to comply with ERISA's reporting, disclosure, and fiduciary duty requirements.

### Discussion

A. Motion to Strike

1. *Jury Demand*

■ The second circuit has not yet definitively resolved whether claims for benefits under ERISA may be tried to a jury. "The disposition of the issue turns on whether ERISA claims are essentially legal or equitable in nature." *Gardella v. Mutual Life Insurance Company of New York*, 707 F.Supp. 627 (D.Conn. 1988) (Daly, C.J.); *accord, Ross v. Bernhard*, 396 U.S. 531, 533, 90 S.Ct. 733, 735, 24 L.Ed.2d 729 (1970). However, six other circuits' courts of appeals have clearly held that there is no right to a jury trial under ERISA in an action for benefits brought, as this one is,

pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. Section 1132(a)(1)(B).[3]

In one early ruling in this circuit, a trial court held that a claim for additional benefits could be tried to a jury after the court had ruled on the equitable issue of whether the pension plan at issue could be reformed. *Pollock v. Castrovinci*, 476 F.Supp. 606, 609 (S.D.N.Y.1979), *aff'd mem.*, 622 F.2d 575 (2d Cir.1980). But the court of appeals has since cast serious doubt upon the rationale of *Pollock*, flatly stating the rule that "there is no right to a jury trial of ERISA actions against pension fund trustees seeking the equitable remedy of restitution." *Katsaros v. Cody*, 744 F.2d 270, 278–79 (2d Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984) (citing authority from other circuits and *Rubin v. Decision Concepts, Inc.*, 566 F.Supp. 1057 (S.D.N.Y.1983)). *Katsaros'* statement is technically dictum, however, because the issue of a right to a jury trial had become moot in *Pollock* once the trial court concluded that the plan could not be reformed, and court did not have to directly address the question of whether claims for benefits under ERISA could be tried to a jury. Nevertheless, trial courts in this circuit have generally ruled in line with *Katsaros*, finding no jury trial right in *Nobile v. Pension Committee of the Pension Plan for Employees of New Rochelle Hospital*, 611 F.Supp. 725, 727–28 (S.D.N.Y. 1985); *Gardella*, 707 F.Supp. at 628; *Tourangeau v. Uniroyal, Inc.*, Civ. No. N–86–208, slip op. at 14 (D.Conn. Nov. 7, 1986) (Nevas, J.); *Abrams v. Grand Light & Supply Co., Inc.*, Civ. No. N–84–158, slip op. at 11–13 (D.Conn. Oct. 15, 1986) (Eginton, J.) [1986 WL 22382]; *Powell v. General Dynamics Corp.*, Civ. No. H–85–496, slip op. at 4–7 (D.Conn. Nov. 25, 1985) (Blumenfeld, S.J.). Meanwhile, two cases that have permitted jury trials have construed the ac-

---

**2.** Plaintiffs' Third Amended Complaint, filed December 29, 1987. The defendant Royal E. Cowles was added in a previous amended complaint.

**3.** *See Turner v. CF & I Steel Corp.*, 770 F.2d 43, 46–47 (3d Cir.1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986); *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1006–07 (4th Cir.1985); *Blau v. Del Monte Corp.*, 748 F.2d

1348, 1357 (9th Cir.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985); *In re Vorpahl*, 695 F.2d 318, 321–22 (8th Cir.1982); *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir.1980); *Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, 627 F.2d 820, 829–30 (7th Cir.1980), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981).

tions before them to fall outside the traditional rule. *Abbarno v. Carborundum Co.*, 682 F.Supp. 179, 181–82 (W.D.N.Y. 1988) (claim for damages for nonpayment of benefits was essentially legal in nature and therefore plaintiff was entitled to jury trial); *Zotto v. Scoville, Inc.*, N–85–494, slip op., (D.Conn. May 27, 1987) (Cabranes, J.) (ERISA claim coupled with Labor Management Relations Act claim was essentially legal and therefore could be tried to a jury).

The plaintiffs argue that the second circuit has not foreclosed the possibility of jury trials in certain ERISA actions and that Congress by its silence did not intend to preclude trial by jury in all ERISA cases. This court does not find such argument persuasive. It is worth noting that before ERISA was enacted federal courts treated state law diversity claims as being equitable in nature. "It appears that Congress' silence on the issue reflects its intention that the courts treat ERISA claims as equitable." *Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, 627 F.2d 820, 829 (7th Cir.1980), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981).

The court finds no grounds for straying from the established principle that there exists no right to a jury trial for the plaintiffs' claims of benefits under ERISA or for the other equitable relief they seek.

### 2. *Punitive Damages*

■ The Supreme Court has held that a plan participant may not recover extra-contractual compulsory or punitive damages from a plan fiduciary under ERISA's Section 409, 29 U.S.C. Section 1109; in doing so, the Court expressly declined to decide whether any other ERISA provisions—such as Section 502, at issue here—authorize recovery of extra-contractual damages. *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 151 n. 5, 105 S.Ct. 3085, 3095 n. 5, 87 L.Ed.2d 96 (1985).

The six carefully integrated civil enforcement provisions found in Section 502(a) of the statute as finally enacted, however, provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a "comprehensive and reticulated statute."

*Id.* at 146, 105 S.Ct. at 3093 (emphasis in original) (citing *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359, 361, 100 S.Ct. 1723, 1726, 64 L.Ed.2d 354 (1980)). The Court noted that with respect to Section 502(a)(3) "there is a stark absence—in the statute itself and in its legislative history—of any reference to an intention to authorize the recovery of extra contractual damages." *Id.* at 148, 105 S.Ct. at 3094 (footnote omitted).

Moreover, while once again the second circuit has not yet directly addressed the issue, other circuits' courts of appeals have overwhelmingly held that punitive damages are not recoverable under Section 502(a)(3). In *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208 (8th Cir.), *cert. denied*, 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981), the court reasoned:

We do not think punitive damages are provided for in ERISA. Ordinarily, punitive damages are not presumed; they are not the norm; and nowhere in ERISA are they mentioned. If Congress had desired to provide for punitive damages, it could have easily so stated, as it has in other acts.

*Id.* at 1216. *See also Varhola v. Doe*, 820 F.2d 809, 817 (6th Cir.1987); *Kleinhans v. Lisle Savings Profit Sharing Trust*, 810 F.2d 618, 627 (7th Cir.1987); *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprise, Inc.*, 793 F.2d 1456, 1462–66 (5th Cir.1986), *cert. denied*, 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987); *Powell v. Chesapeake and Potomac Telephone Co.*, 780 F.2d 419, 424 (4th Cir.1985), *cert. denied*, 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986).

Thus, "although the Supreme Court has yet to make a definite ruling on this issue, the weight of authority holds that punitive

damages are not available under Section [502]." *Bartucca v. Katy Industries, Inc.*, 668 F.Supp. 111, 114 (D.Conn.1987) (Dorsey, J.). In *Bartucca*, the court noted that trustees are generally not liable for punitive damages under the law of trust, Restatement (Second) of Trusts Section 205 (1959), and concluded that because ERISA incorporates principles of trust law, punitive damages are not recoverable under ERISA. Consequently, the court reasoned, punitive damages may not be recovered under ERISA.

The plaintiffs here have failed to muster persuasive authority that would compel this court to depart from established precedent and find a right to recover for punitive damages under Section 502(a)(3). The motion to strike the punitive damages claims is granted.

B. Motion to Dismiss

The defendants have moved to dismiss the actions against Royal E. Cowles, asserting that the plaintiffs have not stated a claim against him upon which relief may be granted. Rule 12(b)(6), Fed.R.Civ.P. In considering a motion to dismiss under Rule 12(b)(6), a court is under a duty to determine whether the plaintiff has a valid claim under any possible theory; such a motion should not be granted "unless it appears beyond a doubt" that the plaintiffs cannot support a claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). The defendants argue that this claim should be dismissed for either or both of two distinct reasons.

The defendants first argue that the plaintiffs cannot maintain their actions against Cowles because he is not a proper party to this lawsuit. The complaints allege that "the defendant Royal E. Cowles was, between December 31, 1981 and May 2, 1986, the administrator of the severance pay policy which was in effect at Emhart Corporation covering [each] plaintiff as an employee of Emhart Corporation working in its Farrel Division Roll Shop." For purposes of this motion to dismiss, the complaints are construed in the light most favorable to the plaintiff and their allegations are taken as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Therefore, the court must accept that a severance pay policy existed and that Cowles was its administrator. Cowles contends, however, that as a matter of law he was not an administrator within the meaning of ERISA, 29 U.S.C. Section 1002(16)(A), which defines an administrator as: "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; [or] (ii) if an administrator is not so designated, the plan sponsor." Cowles asserts that because the complaints allege that the plan under which defendants seek to recover was unwritten, there existed no "instrument" in which an administrator could be designated; therefore, they argue, the plan's "administrator" must have been the plan sponsor, which ERISA provides shall be "the employer in the case of the employee benefit plan established or maintained by a single employer." 29 U.S.C. Section 1002(16)(B). If this is so, then it is the "employer"—Emhart or USM—and not Royal E. Cowles who may be held liable for the plaintiffs' injuries.

The plaintiffs contend, however, that there did exist an instrument under which the severance pay plan operated: a December 17, 1981, memorandum from an Emhart officer to certain employees, which named Royal E. Cowles as the person to contact for consideration of severance pay benefits. It is the plaintiffs' position that by this document Cowles was designated the plan's "administrator."

It is inappropriate for the court to look beyond the complaint itself in determining a motion to dismiss. Clearly, if there was a valid instrument, and if it did designate Cowles as the plan administrator, he is a proper party to this lawsuit. The defendants may have grounds to challenge the sufficiency of such an instrument after the parties conduct discovery, and may raise the issue again by means of a summary judgment motion, but for now the plaintiffs have adequately alleged that Cowles was

158

the plan's administrator and so the motion to dismiss cannot be granted on that basis.

■ As a second basis for this motion, the defendants argue that even if Cowles was the severance pay plan's administrator, the actions against him cannot be maintained because ERISA does not permit recovery from him of the sort which the plaintiffs seek—severance pay, other compensatory and punitive damages, and attorneys' fees and costs.

■ To the extent that the plaintiffs have relied upon ERISA's Section 409(a), 29 U.S.C. Section 1109(a), which establishes a plan fiduciary's liability for breach of fiduciary duty, they may not recover because such a fiduciary's liability runs only to the plan and not to individual participants or beneficiaries. *Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). The plaintiffs, however, rely solely upon Section 502(a)(1), which generally permits recovery of "benefits due" and enforcement of rights due under a plan's terms, and upon Section 502(c) which allows recovery, or other relief in the court's discretion against an administrator for his failure or refusal to comply with certain requests for information. The defendants object to the plaintiffs' reliance on this latter provision, noting that the complaint has not alleged that Cowles failed or refused to provide information to the plaintiffs. Insofar as such an act may be an element of Cowles's alleged breach of his fiduciary duty, however, this allegation has been adequately asserted. Although the court finds the plaintiffs' claims to recovery from Cowles to be rather thin at this point, the court will not preclude them from being carried forward at least to a summary judgment stage of these proceedings. Accordingly, the motion to dismiss on this basis is denied.

### Conclusion

The defendants' motion to strike the plaintiffs' jury trial demands and their claims for punitive damages is granted. The motion to dismiss these actions as against the defendant Royal E. Cowles is denied.

SO ORDERED.