**Edward M. WEBER**

v.

**JACOBS MANUFACTURING COMPANY.**

**Civ. H–90–461 (TEC).**

United States District Court, D. Connecticut.

Nov. 5, 1990.

JoNel Newman, Garrison, Silbert & Arterton, New Haven, Conn., for plaintiff.

Lissa J. Paris, Gregory C. Davis, Murtha, Cullina, Richter & Pinney, Hartford, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

CLARIE, Senior District Judge.

Plaintiff asserts a violation of Section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, and a claim for negligent misrepresentation under state law. Defendant has moved to dismiss the pendent state law negligent misrepresentation claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, alleging that the Court should decline to exercise pendent jurisdiction. Defendant has also moved to strike the plaintiff's jury demand alleging that there is no right to a jury trial in an ERISA action. For the reasons more particularly discussed below, both of defendant's motions are denied.

The well-pleaded factual allegations in the complaint, construed favorably to the pleader as the non-moving party, are presumed to be true for purposes of the present motion to dismiss. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Koehler v. Chesebrough–Ponds, Inc.,* 705 F.Supp. 721, 722 (D.Conn.1988).

## FACTS

On April 7, 1988 the plaintiff was hired by the defendant as a Senior Manufacturing Engineer. (Complaint, ¶ 8.) In May, 1989, the plaintiff was diagnosed with a kidney tumor, and it was recommended to the plaintiff that he undergo surgery. (¶ 10.) The plaintiff then informed the defendant that he required a medically-related absence from work. (¶ 11.) The plaintiff alleges that he was assured by the defendant's Manufacturing Manager and a foreman that he could take all the time he needed "to get well" and that his position was secure. (¶ 12.)

Following surgery, the plaintiff developed post surgical complications which required him to stay in the hospital until July 2, 1989. (¶ 14.) After the plaintiff was dismissed from the hospital he reported his condition to the defendant and again was assured that his position was secure. (¶ 15.) In early August, 1989, the plaintiff notified the defendant that he would be ready to return to work in two weeks, however the plaintiff was cautioned against "rushing back" to work and was reassured that his job was secure. (¶ 17.) In early September, 1989, the plaintiff again notified the defendant that he was ready to return to work and was told he could return if the company's physician approved. (¶ 19.) The plaintiff returned to work on September 12, 1989, after being examined by the defendant's physician. (¶¶ 20, 21.) The plaintiff was again assured that his position was secure and future plans for additional projects were discussed with the plaintiff. (¶ 22.) On September 27, 1989, the plaintiff was terminated. (¶ 24.)

The plaintiff has filed this action claiming that (1) the defendant violated ERISA

in that the defendant's termination of plaintiff was to purposefully interfere with the plaintiff's right to continued health benefits under the defendant's employee benefit plan, and (2), that the defendant's continuing false representations to the plaintiff that his position was secure amounts to actionable negligent misrepresentation.

In his prayer for relief, the plaintiff requests back pay, lost employee benefits, reinstatement, restoration of seniority, and compensatory damages.

## DISCUSSION OF THE LAW

### A. Motion to Dismiss Pendent Claim.

 The power of a federal district court to entertain state law claims under the doctrine of pendent jurisdiction arises where the federal claim confers jurisdiction, the federal and state claim arise from a common nucleus of operative facts, and the claims are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966). The Second Circuit Court of Appeals in *Miller v. Lovett*, 879 F.2d 1066, 1071 (2d Cir.1989), recently restated that a district court should exercise jurisdiction where:

> "(1) There is a claim arising under the Constitution or federal law; (2) the relationship between the federal claim and the state claim permits the conclusion that the entire action comprises but one constitutional case; (3) the federal claim has substance sufficient to confer subject matter jurisdiction on the court; ... (4) the state and federal claims derive from a common nucleus of operative fact [; and] plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding."

The defendant contends that the Court should decline to exercise pendent jurisdiction over the state law negligent misrepresentation claim because it will complicate the federal case, confuse the issues before the jury, and will not serve the interests of judicial economy and fairness to the litigants. (*See* Defendant's Memorandum in Support of the Motion to Dismiss, p. 3,

6–7). The defendant further believes that because the plaintiff's ERISA claim involves different issues than the negligent misrepresentation claim, exercise of jurisdiction will complicate the case. The defendant concludes that there is a substantial potential for jury confusion because the jury will not be able to separate the evidence related to the ERISA claim from unrelated evidence involving the negligent misrepresentation claim.

The defendant principally relies on two cases from this district that declined to exercise pendent jurisdiction in support of its claims: *Brokke v. Stauffer Chemical Co.*, 703 F.Supp. 215 (D.Conn.1988) and *Herbst v. Chesebrough–Pond's, Inc.*, Civ. No. H85–481, slip op., 1986 WL 22358 (D.Conn. Sept. 16, 1986). Such reliance on these cases is misplaced. The gravamen of the complaint in *Herbst* was that the plaintiff's discharge violated the Age Discrimination in Employment Act (ADEA) and several common laws of the State. This Court dismissed the pendent claims for the reason that the jury would likely be confused by the fact that the damages sought under the state claims were unavailable under ADEA, and the scope of the claims under state law were not yet clearly defined. Here, the defendant has failed to allege any disparity in the remedies afforded under ERISA and the state law claim and that the jury would be confused by the types of remedies afforded. Likewise, the defendant does not contend that the law of negligent misrepresentation is unsettled in Connecticut. In fact, defendant's brief can be read to the contrary. (*See* Defendant's Memorandum in Support of its Motion to Dismiss, p. 6).

The Court is equally unpersuaded by the defendant's reliance on *Brokke v. Stauffer Chemical Co.*, 703 F.Supp. 215 (D.Conn. 1988). In *Brokke*, the plaintiff brought an action alleging violations of ADEA and ERISA. The plaintiff's complaint also contained seven pendent claims implicating a wide range of allegations involving common law fraud and breach of contract. *Id.* at 218. The court declined to exercise pendent jurisdiction as it found that the state

law claims would "substantially predominate" the federal claims. *Id.* Significantly, the Court differentiated the circumstance it faced from one in which only *one* pendent claim was added to a federal claim. In the latter situation the Court reaffirmed the fact that Courts are more willing to exercise pendent jurisdiction. *Id.* Thus, *Brokke* actually would support the exercise of pendent jurisdiction here.

Rather, the case most on point is *Roof v. Cheesebrough–Ponds*, No. B 87–692 (WWE) (D.Conn. December 20, 1988). The Court in *Roof* faced the same challenge raised here, namely, whether to exercise pendent jurisdiction over a negligent misrepresentation claim appended to a claim alleging a violation of section 510 of ERISA. The Court found all the factors militated in favor of exercising jurisdiction. The defendant has not pointed to any factors which sufficiently distinguish *Roof* from the instant case.

Therefore, considering all the relevant interests, the Court finds that the favorable approach is to exercise pendent jurisdiction over the negligent misrepresentation claim. Carefully drafted jury instructions will ease the concern over jury confusion. The Court has great confidence that a jury will not be misguided by the interdiction of one claim of negligent misrepresentation in an action which otherwise alleges only a violation of section 510 of ERISA. The two separate causes of action arise out of the same set of facts, namely the circumstances surrounding the discharge of the plaintiff by the defendant. *See Studint v. LaSalle Ice Cream*, 623 F.Supp. 232, 234 (E.D.N.Y.1985). The applicable principles in a negligent misrepresentation claim are not unsettled. As the defendant concedes, the plaintiff must prove that the defendant misrepresented a fact that he had the "means of knowing, ought to know, or has the duty of knowing the

truth." *D'Ulisse–Cupo v. Bd. of Dir. of Notre Dame High School*, 202 Conn. 206, 217, 520 A.2d 217 (1987).

Thus, considering all the factors, the defendant's motion to dismiss the pendent claim is denied.

### B. Motion to Strike Jury Demand.

■ The defendant has also moved to strike the plaintiff's jury demand with respect to his ERISA claim.[1,2] The defendant contends that recent case law in this district compels the Court to conclude that a jury trial on the ERISA claim is not available. The defendant cites the following cases: *Katsaros v. Cody*, 744 F.2d 270, 278–79 (2d Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984); *Gardella v. Mutual Life Ins. of New York*, 707 F.Supp. 627, 629 (D.Conn.1988); *In re Emhart Corporation*, 706 F.Supp. 153, 156 (D.Conn.1988). While these cases all arose under ERISA, none involved a claim under section 510, a claim with a common law analogue legal in nature.

*Katsaros* was an action against pension fund trustees which sought removal of the trustees, and restitution of losses caused by a breach of their fiduciary duties. The Court determined that the relief sought was equitable in nature and acknowledged that there is no right to a jury trial when the plaintiff seeks equitable relief in the form of restitution. *Katsaros*, 744 F.2d at 278. However, the Court recognized that a different result might be warranted in the case where the plaintiff seeks damages "for wrongdoing or nonpayment of benefits." *Id.* *Katsaros* would not preclude a jury trial where a plaintiff is seeking relief other than that which is considered equitable in nature. *Katsaros* can be read to support a jury trial in this case.

---

1. Section 510 of ERISA, the provision under which the plaintiff sues, provides that "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

2. The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."

Just last term, the United States Supreme Court in *Teamsters Local 391 v. Terry*, 493 U.S. ——, ——, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990) revisited its teachings concerning a party's entitlement to a jury trial under the Seventh Amendment. The Court emphasized that the Seventh Amendment allows a jury trial in "suits in which *rights* [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered." (Emphasis in original), *citing Parsons v. Bedford*, 3 Pet. 433, 447, 7 L.Ed. 732 (1830). The Court acknowledged that "[t]he right extends to causes of action created by Congress." *Id.; citing Tull v. United States*, 481 U.S. 412, 417, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987). *Terry* instructs that "[t]o determine whether a particular action will resolve legal rights, we examine both the nature of the issues involved and the remedy sought." *Terry, supra.*[3] In examining the remedy sought, the court needs to determine whether the claim is legal or equitable in nature. *Id; Gardella v. Mutual Life Ins. Co. of New York*, 707 F.Supp. at 628–29.

Although *Terry* did not address the specific issue in front of this court, that is whether a jury trial can be properly afforded in an ERISA section 510 suit, its instruction is applicable. *See e.g. Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F.Supp. 882 (S.D.N.Y.1990). Both factors under *Terry* militate in favor of allowing the plaintiff a jury trial. First, the issues involved are legal in nature. The closest common law analogues to a Section 510 action under ERISA is a wrongful termination or a breach of contract suit. Such actions are traditionally legal, not equitable in nature. *See e.g. Hopkins v. New York Telephone Co., slip op.* No. 82 Civ. 4461 (WCC), (S.D.N.Y. November 27, 1984), 1984 WL 1277;

*UAW v. Park–Ohio Indus.*, 687 F.Supp. 338 (N.D.Ohio 1987), *mod. on other grds.*, 876 F.2d 894 (6th Cir.1989); *Woods v. Dunlop Tire Corp.*, 673 F.Supp. 117, 119 (W.D.N.Y.1987); *The Sixty–Five Security Plan v. Blue Cross*, 583 F.Supp. 380 (S.D.N.Y. 1984).

Further, in light of *Terry*, the Court finds that the remedy plaintiff seeks is compensatory damages in the form of back pay and benefits, remedies legal in nature. In *Terry*, the respondents contended that their employer had breached a collective bargaining agreement under section 301 of the Labor Management Relations Act, and that their Union had violated its duty of fair representation. The respondent requested injunctive relief and compensatory damages for lost wages and health benefits, and sought a jury trial on these latter issues. The Court held that the respondents were entitled to a trial by jury on their compensatory damages claims. The Court found that the relief requested, backpay and benefits, was not restitutionary, and thus, the plaintiffs were entitled to a jury trial. *Terry, supra*, 493 U.S. at ——, 110 S.Ct. at 1349.

Recently, in *Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F.Supp. 882 (S.D.N.Y.1990), the Court held that Congress "impliedly preserved" a section 510 plaintiff's right to a jury trial. The Court, relying on *Terry*, further found such entitlement under the Seventh Amendment. *Id.* at 888. The Court agrees with *Vicinanzo*'s Seventh Amendment analysis. The instant plaintiff seeks compensatory damages for lost backpay and health benefits along with equitable relief as a result of his alleged wrongful termination by the defendant. Damages for an ERISA section 510 violation are void of equitable attributes.[4] Further, *Terry* has determined that backpay

---

**3.** Judge Edelstein in *Brock v. Group Legal Administrators, Inc.*, 702 F.Supp. 475, 476 (S.D.N.Y.1989), a case decided prior to *Terry*, determined that the Second Circuit requires "[t]he focus of the inquiry [to] be on the nature of the claims and whether the relief sought is equitable or legal."

**4.** The Eighth Circuit Court of Appeals has determined that in 42 U.S.C. section 1981 actions, backpay is compensatory in nature and constitutes legal relief, thereby entitling the plaintiff to a jury trial. *Setser v. Novack Inv. Co.*, 638 F.2d 1137 (8th Cir.), *vacated on oth. grds.*, 657 F.2d 962, *cert. denied*, 454 U.S. 1064, 102 S.Ct. 615, 70 L.Ed.2d 601 (1981); *Bibbs v. Jim Lynch Cadillac*, 653 F.2d 316 (8th Cir.1981).

and health benefits, when compensatory in nature, are forms of legal relief.

The defendant has not persuaded the Court that the plaintiff's claims under Section 510 are equitable. The defendant merely makes that assumption. Further, the fact that the plaintiff has combined legal and equitable claims in the same action does not prohibit the submission of the legal claims to the jury. *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *see Vicinanzo,* 739 F.Supp. at 887.[5]

Thus, for the foregoing reasons, the defendant's motion to strike the plaintiff's jury demand is denied, and the plaintiff is entitled to a jury trial on all claims seeking damages.

SO ORDERED.

**5.** The plaintiff's reliance on *In re Emhart Corporation,* 706 F.Supp. 153, 155–56 (D.Conn.1988) is misplaced. In *Emhart,* the plaintiff sought equitable relief under section 502(a)(1)(B) of ERISA. The Court did not face a claim in the nature of legal relief, nor a claim under ERISA section 510. In fact, the Court acknowledged that the right to a jury trial under ERISA hinges on whether the "claims are essentially legal or equitable in nature." *Id.*