Thomas **ALGIE, et al., Plaintiffs,**

v.

**RCA GLOBAL COMMUNICATIONS, INC. and MCI Communications Corporation, Defendants.**

No. 89 Civ. 5471 (MJL) (MHD).

United States District Court, S.D. New York.

July 22, 1994.

John C. Lankenau, Lankenau, Kovner & Kurtz, New York City.

Joseph J. Saltarelli, Hunton & Williams, New York City, Christine H. Perdue, Hunton & Williams, Fairfax, VA, for defendants.

## MEMORANDUM AND ORDER

DOLINGER, United States Magistrate Judge:

Plaintiffs are seeking an award for non-payment of severance benefits from a severance benefits plan established and administered by defendant RCA Global Communications, Inc. Their sole surviving claim arises under section 502(a)(1)(B) of the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). At issue now is whether plaintiffs are entitled to a jury trial on their claim.

The caselaw on this issue reflects a surprising lack of consensus, with the circuit courts outside the Second Circuit generally holding that a jury trial is not compelled either by the statute or by the Seventh Amendment[1], whereas the Second Circuit has hinted, and numerous district courts within this circuit have held, that a jury trial is mandated if the claim is one for payment of withheld benefits.[2]

Those courts that have denied a jury trial generally rely upon the assumption that a claim for ERISA benefits is to be judged by the law of trusts, which finds its source in equity. Accordingly, those courts view the benefits claim as one sounding in equity and hence triable to the court. In contrast, those courts ruling in favor of jury trials have noted that benefits-due claims are the functional equivalent of a contract claim and that the relief sought is a damage award, both of which are viewed as having their source in law rather than equity. Thus, they conclude, jury trials are available as a matter of statutory construction, or alternatively as a matter of Seventh Amendment jurisprudence.

For the reasons that follow, I conclude that plaintiffs are entitled to a jury trial in this case.

## ANALYSIS

■ The right to a jury may flow from the statute itself or from the Seventh Amendment. Since a statutory analysis may preclude the necessity for addressing the constitutionality of the statute, I first consider whether the statute itself may be read to yield a right to a jury trial.

■ As a general matter, in ascertaining whether a statutory claim is triable to a jury, we are to look principally to the procedural and remedial provisions of the statute. See, e.g., Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 559, 110 S.Ct. 1339, 1341, 108 L.Ed.2d 519 (1990); Tull v. United States, 481 U.S. 412, 414, 107 S.Ct. 1831, 1833, 95 L.Ed.2d 365 (1987). In the case of ERISA, the relevant section offers no direct enlightenment on this question, but rather simply provides that

(a) ... A civil action may be brought—

(1) by a participant or beneficiary—

\* \* \* \* \* \*

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; ...

29 U.S.C. § 1132(a)(1)(B). As for the legislative history, it too offers no explicit guidance on this question. See, e.g., Turner v. CF & I Steel Corp., 770 F.2d at 46; Smith v. Union Mut. Life Ins. Co., 1990 WL 209456 at *1.

■ The absence of a clear answer in the statute or legislative history does not compel the conclusion that Congress intended to deny a jury trial. "Where congressional intent on the subject of a jury trial is not clear from the statutory language, a court must look to the pre-statutory custom with respect to such actions." Sullivan v. LTV Aerospace & Defense Co., 850 F.Supp. at 208 (quoting McDonald v. Artcraft Elect. Supply

---

1. E.g., Turner v. CF & I Steel Corp., 770 F.2d 43, 46–47 (3d Cir.1985), cert. denied, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986); Berry v. Ciba–Geigy Corp., 761 F.2d 1003, 1006–07 (4th Cir.1985); Calamia v. Spivey, 632 F.2d 1235, 1237 (5th Cir.1980); Daniel v. Eaton, 839 F.2d 263, 267 (6th Cir.1987); Wardle v. Central States Southeast & Southwest Areas Pension Fund, 627 F.2d 820, 830 (7th Cir.1980); In re Vorpahl, 695 F.2d 318, 322 (8th Cir.1982); Blau v. Del Monte Corp., 748 F.2d 1348, 1357 (9th Cir.1984), cert. denied, 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985); Blake v. Unionmutual Stock Life Ins. Co., 906 F.2d 1525, 1526 (11th Cir.1990).

2. E.g., Pollock v. Castrovinci, 476 F.Supp. 606 (S.D.N.Y.1979), aff'd. mem., 622 F.2d 575 (2d Cir.1980); Paladino v. Taxicab Indus. Pension Fund, 588 F.Supp. 37 (S.D.N.Y.1984); Abbarno v. Carborundum Co., 682 F.Supp. 179 (W.D.N.Y. 1988); Vicinanzo v. Brunschwig & Fils, Inc., 739 F.Supp. 882 (S.D.N.Y.1990); Weber v. Jacobs Mfg. Co., 751 F.Supp. 21 (D.Conn.1990); Smith v. Union Mut. Life Ins. Co., 1990 WL 209456, at *2 (S.D.N.Y. Dec. 13, 1990); Resnick v. Resnick, 763 F.Supp. 760 (S.D.N.Y.1991); Dawes v. First UNUM Life Ins. Co., 1992 WL 350778, at *5 (S.D.N.Y. Nov. 13, 1992); Sullivan v. LTV Aerospace and Defense Co., 850 F.Supp. 202 (W.D.N.Y.1994).

*Co.,* 774 F.Supp. 29, 33 (D.D.C.1991)). At the very least, the existence of a clearcut prior practice may suggest that, absent a stated intention to alter the status quo, Congress assumed that it would continue. *See, e.g., Wardle v. Central States Southeast & Southwest Areas Pension Fund,* 627 F.2d at 829.[3]

On this question, past practice seems clear. Prior to ERISA, "most courts viewed benefits-due lawsuits as contractual and hence most state courts did not use trust law for benefits due cases." Flint, "ERISA: Jury Trial Mandated for Benefit Claims Action," 25 Loy.L.A.L.Rev. 361, 386 (1992). *See, e.g., Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 112, 109 S.Ct. 948, 955, 103 L.Ed.2d 80 (1989). Since these claims were treated as arising in contract, it generally followed that plaintiffs were entitled under state law to a jury trial on them. *See, e.g.,* Flint, *supra,* 25 Loy.L.A.L.Rev. at 401 n. 212 (citing numerous state court cases).

Set against this backdrop, the legislative history of ERISA yields a positive indication that the statute impliedly makes a jury trial available for benefits-due claims. The statute contains a congressional statement of purpose to "afford more protection to employees and their beneficiaries than existed under prior law." *Sullivan v. LTV Aerospace and Defense Co.,* 850 F.Supp. at 210 (citing 29 U.S.C. § 1001). More specifically to the point, both House and Senate committee reports stated

> The intent of the Committee [in providing the benefits due lawsuit] is to provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due to participants.

H.R.Rep. No. 533, 93d Cong., 2d Sess. 17 (1973), *in* 1974 U.S.C.C.A.N. 4639, 4655; S.Rep. No. 127, 93d Cong., 2d Sess. 1, 35 (1973), *in* 1974 U.S.C.C.A.N. 4838, 4871. These statements confirm that ERISA was intended to protect and expand upon heretofore existing procedural protections for plan participants. If so, the implication is strong that Congress did not intend that ERISA deprive those participants of the option of a jury trial on benefit claims. *See, e.g., McKinnon v. Blue Cross–Blue Shield,* 691 F.Supp. 1314, 1315 (N.D.Ala.1988), *aff'd,* 874 F.2d 820 (11th Cir.1989); Flint, 25 Loy. L.A.L.Rev. at 399.[4]

Further support for this view may be gleaned from repeated indications in the statute and legislative history that Congress recognized a distinction between trust and contract aspects of employee benefits law, and hence between equitable and legal claims. Thus, for example, ERISA itself separately provides both for the establishment of a "trust instrument," *e.g.,* 29 U.S.C. § 1103(a); *see also id.,* §§ 1105(a)(1) & (c)(3), and for the establishment of a benefit "plan instrument." 29 U.S.C. § 1102(a). *See also id.* §§ 1002(16)(A), 1024(a)(1)(B), 1105(c)(1). The plan instrument constitutes a contract for payment of benefits, whereas the trust instrument defines the fiduciary obligations of the administrator as trustee. *See, e.g.,* Flint, *supra,* 25 Loy.L.A.L.Rev. at 364 & nn. 224–32. *See also Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 148, 105 S.Ct. 3085, 3093, 87 L.Ed.2d 96 (1985) (ERISA intended "to protect contractually defined benefits"). Indeed, this distinction is reflected in our prior holding in this case dismissing the plaintiff's fiduciary breach claim since the improper denial of benefits is governed by 29 U.S.C. § 1132(a)(1)(B), whereas the statutory provisions recognizing a right of action against the administrator for breach of trust obligations, 29 U.S.C. §§ 1104, 1109(a), are limited to claims on

---

**3.** I note that, as a general matter, in reading statutes we are to presume against implied repeals of common-law rules. *See, e.g., Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 108, 111 S.Ct. 2166, 2169, 115 L.Ed.2d 96 (1991); *Isbrandtsen Co. v. Johnson,* 343 U.S. 779, 783, 72 S.Ct. 1011, 1014, 96 L.Ed. 1294 (1952). *Cf. Randall v. Loftsgaarden,* 478 U.S. 647, 661,

106 S.Ct. 3143, 3151, 92 L.Ed.2d 525 (1986); *United States v. United Continental Tuna Corp.,* 425 U.S. 164, 168, 96 S.Ct. 1319, 1322, 47 L.Ed.2d 653 (1976).

**4.** Prior state-law claims for benefits due are of course preempted by ERISA.

behalf of the plan for misconduct regarding the trust itself, not the payment of benefits to participants. *See* 891 F.Supp. 839, 867–868, April 12, 1994 Memorandum & Order at 72–73 (citing *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. at 140–44, 105 S.Ct. at 3089–91; *Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir.1993); *Ludwig v. NYNEX Service Co.*, 838 F.Supp. 769, 783 n. 28 (S.D.N.Y. 1993)).

■ In short, the adoption of trust principles in ERISA is addressed to fiduciary responsibilities concerning the management of the trust, *see, e.g., Firestone & Rubber Co. v. Bruch*, 489 U.S. at 110, 109 S.Ct. at 954, and is designed "to raise the standard of fiduciary behavior." Flint, *supra*, 25 Loy. L.A.L.Rev. at 405. Those provisions do not directly govern claims for non-payment of benefits, and should not be viewed as having the perverse effect of denying to plan participants their prior entitlement to the benefit of a jury trial.[5]

These indications that Congress did not intend to deprive plan participants of a right to a jury trial for benefits-due claims find additional support in a Second Circuit decision indicating, albeit in dictum, that the availability of a jury trial under ERISA is determined by the nature of the remedy sought. In what is concededly a somewhat cryptic opinion, the Court in *Katsaros v. Cody*, 744 F.2d 270 (2d Cir.1984), held that plaintiffs suing for trustee misconduct were not entitled to a jury trial "since the plaintiffs seek equitable relief in the form of removal [of the trustee] and restitution as distinguished from damages for wrongdoing or non-payment of benefits." *Id.* (bracketed material added). In further explanation, the Court stated that "[t]here is no right to a jury trial of ERISA actions against pension fund trustees seeking the equitable remedy of restitution." *Id.* (citing cases). Although the Court cited, in support of this proposition, several decisions that had denied a jury trial even for a benefits-due claim, the panel's explanation strongly suggests that a suit for "non-payment of benefits," *id.*, would carry with it the right to a jury trial.

■ Finally, it bears noting that although we do not need to reach the constitutional question, the indicated approach in *Katsaros* is fully consistent with the Supreme Court's subsequent elaboration of Seventh Amendment analysis for statutory claims. Thus the Supreme Court has defined a two-prong test to determine whether the Seventh Amendment guarantees a trial by jury:

> First, we compare the statutory action to 18th–century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.

*Tull v. United States*, 481 U.S. at 417–18, 107 S.Ct. at 1835 (citations omitted). Of the two elements—claim and remedy—the nature of the remedy is the more important in the analysis and hence is ultimately controlling. *See, e.g., Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989); *Merex A.G. v. Fairchild Weston Systems, Inc.*, 29 F.3d 821, 823–24 (2d Cir.1994).

As noted, the plaintiffs' claim that they were improperly denied benefits is in the nature of a claim for breach of contract. *See, e.g., Resnick v. Resnick*, 763 F.Supp. at 765; *Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F.Supp. at 889; *Smith v. Union Mut. Life Ins. Co.*, 1990 WL 209456 at *2. Moreover, and most crucially, the plaintiffs seek the legal remedy of an award of moneys due under the contract, thus again indicating an entitlement to a jury. *See, e.g., Dawes v. First UNUM Life Ins. Co.*, 1992 WL 350778 at *5–6; *Abbarno v. Carborundum Co.*, 682 F.Supp. at 181–82. *Accord, Lugo v. AIG Life Ins. Co.*, 852 F.Supp. 187, 195–96 (S.D.N.Y.1994) (dictum). *See also McDonald v. Artcraft Elec. Supply Co.*, 774 F.Supp. at 34–36 (finding jury-trial entitlement for claim under 29 U.S.C. § 1140).

■ We are constrained to interpret a statute, if possible, in such a manner as to avoid possible constitutional infirmities. *E.g., Virginia v. Am. Booksellers Assoc.*, 484 U.S. 383, 397, 108 S.Ct. 636, 645, 98 L.Ed.2d 782 (1988); *Frisby v. Schultz*, 487 U.S. 474,

---

5. In this case the severance plan was apparently not funded, and hence there is no trust as such.

483, 108 S.Ct. 2495, 2501, 101 L.Ed.2d 420 (1988). In view of the applicable Seventh Amendment standards, to read ERISA as denying a jury-trial to plaintiffs in this case would raise serious constitutional questions. *See, e.g., McDonald v. Artcraft Elec. Supply Co.,* 774 F.Supp. at 35–36 (holding that denial of jury trial would violate Seventh Amendment guarantee). Since ERISA can readily be interpreted to preserve a jury-trial right in a case such as this, it is appropriate to do so.

### *CONCLUSION*

Defendants' motion to strike plaintiffs' jury trial demand is denied.

SO ORDERED.