Edwin G. DEVINE, Charles E. Olsen, Vincent C. Hall & Stanley H. Shippenberg, et al.

v.

COMBUSTION ENGINEERING, INC. and Asea Brown Boveri, Inc.

Civ. No. H–90–280 (JAC).

United States District Court, D. Connecticut.

April 15, 1991.

---

Judy Duncan Rintoul, Igor I. Sikorsky, Jr., Rocky Hill, Conn., for plaintiffs.

Philip C. Cook, William C. Humphreys, Jr., Gregory C. Braden, Alston & Bird, Atlanta, Ga., for defendants.

## RULING ON PENDING MOTIONS

JOSÉ A. CABRANES, District Judge:

Plaintiffs are former employees of the defendant Combustion Engineering, Inc. ("CE"), and they allege that defendants have violated their rights under a retirement benefit plan. In their Second Amended Complaint (filed Aug. 9, 1990) ("Complaint"), plaintiffs allege that between 1983 and 1985 CE offered to certain eligible employees a new retirement program—the Voluntary Separation Incentive Program ("VSIP")—under which anyone who took early retirement could receive, among other benefits, free lifetime medical and dental

benefits for themselves and their spouses. Plaintiffs allege that in October 1989, defendants broke their promise of free lifetime medical and dental benefits and required the VSIP beneficiaries to pay monthly premiums beginning in January 1990, in violation of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 (1988) ("ERISA") and of Connecticut state law.

The following motions are currently pending: (1) Defendants' Motion to Dismiss and to Strike (filed Aug. 31, 1990); and (2) Plaintiffs' Motion for Class Certification (filed June 11, 1990). After oral argument on March 22, 1991, the court afforded the parties an opportunity to brief questions concerning jury trial and penalties under ERISA as well as certain issues relating to class certification. On April 5, 1991, the pending motions were deemed submitted for decision.

## I. DISCUSSION

### A. *Defendants' Motion to Dismiss and to Strike*

In considering a motion to dismiss, the court is mindful that the complaint is to be read generously and all inferences are to be drawn in favor of the plaintiffs. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Yoder v. Orthomolecular Nutrition Inst., Inc.,* 751 F.2d 555, 562 (2d Cir.1985). Indeed, for the purposes of this motion only, the court is required to assume that the allegations of the Complaint are true. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972).

#### 1. Preemption of Counts Four, Five, and Six

■ At oral argument on March 22, 1991, plaintiffs' counsel explained for the first time that the state law claims for fraudulent inducement (Count Four), Negligent Inducement (Count Five) and Breach of Contract (Count Six) have been pled in the alternative. *See* Transcript of Hearing of March 22, 1991 (filed Mar. 23, 1991) at 36 ("The plaintiffs are not claiming here that they're entitled to relief under two sources of law. The plaintiffs will readily concede that if the Court decides that their documents fall under ERISA and that their documents constitute an ERISA plan, then they will withdraw their state claims.").

The question of whether or not the VSIP ought to be considered a separate and distinct plan under ERISA—a question that has not yet been resolved—is different from the question of whether or not the VSIPs "relate to any employee benefit plan" under section 514(a) of ERISA.[1] The Supreme Court has recognized that the key to interpreting section 514(a) is found in the words "relate to." *See Ingersoll–Rand Co. v. McClendon,* —— U.S. ——, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990); *FMC Corp. v. Holliday,* —— U.S. ——, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990); *see also General Elec. Co. v. New York State Dep't of Labor,* 891 F.2d 25, 29 (2d Cir. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990). In *Ingersoll–Rand,* the Court recently held that a state cause of action for wrongful discharge was preempted by ERISA because "the existence of a pension plan [was] a critical factor in establishing liability under the State's wrongful discharge law. As a result, this cause of action related not merely to pension plans, but to the essence of the pension *plan* itself." *Ingersoll–Rand,* 111 S.Ct. at 483.

The Supreme Court has emphasized repeatedly that preemption under ERISA is not limited to state laws specifically designed to affect employee benefit plans. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987) (holding that state common law tort and contract actions asserting improper processing of a claim for benefits are preempted); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). In *Lee v. E.I. DuPont de Nemours & Co.,* 894 F.2d 755 (5th

---

1. Section 514(a) of ERISA provides that "the provisions of this [Act] ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a) (1988).

Cir.1990), the court held that plaintiff's state law claims of fraud and negligent misrepresentation with respect to an employer's early retirement incentive plan were preempted by ERISA. Significantly, the court "did not decide whether ERISA would provide relief on the facts of this case. Any remedy that does exist, however, must come from within that exclusively federal scheme of pension regulation." *Id.* at 758.

Plaintiffs' arguments that the relevant state law was not specifically written to govern benefit plans or that ERISA's preemption statute is unconstitutional because it purports to interfere with rights of sovereign authority guaranteed to the states by the Tenth Amendment, *see* Memorandum of Law in Opposition to Defendants' Motion of August 30, 1990 to Dismiss and to Strike Plaintiffs' Complaint (filed Oct. 15, 1990) ("Plaintiffs' Opposition") at 39–51, are arguments that have long since been rejected by the Supreme Court in interpreting the scope of preemption. ERISA was intended to have a "sweeping preemptive effect in the employee benefit plan field," *American Progressive Life & Health Ins. Co. v. Corcoran*, 715 F.2d 784, 786 (2d Cir.1983). The purpose of the preemption statute was to ensure that plans would be subject to a uniform body of benefit law. The goal was to avoid harm to plan beneficiaries that could be the result of the inevitable inefficiencies created by requiring plan sponsors to comply with conflicting directives among states or between states and the federal Government. *See Ingersoll–Rand*, 111 S.Ct. at 484.

Counts Four, Five and Six of plaintiffs' Complaint undeniably relate to an employee benefit plan. In these counts claiming violations of Connecticut state law, plaintiffs plead the existence of an employee benefit plan. The fact that the court has not yet determined whether plaintiffs are entitled to relief under ERISA does not change the fact that ERISA is the only place where any remedy may be found. Accordingly, defendants' motion to dismiss with respect to Counts Four, Five, and Six is granted, and those counts are hereby dismissed with prejudice.

### 2. Breach of Fiduciary Duty

■ Plaintiffs, as plan participants and beneficiaries, may bring a civil action under section 502(a)(2) of ERISA for appropriate relief under the breach of fiduciary duty provision.[2] However, the only relief that may be granted under these claims is to the plan itself. *See Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 142, 105 S.Ct. 3085, 3090, 87 L.Ed.2d 96 (1985); *In re Emhart Corp.*, 706 F.Supp. 153, 158 (D.Conn.1988). In Plaintiffs' Opposition to Defendants' Reply to Plaintiffs' Response to the Motion to Dismiss and to Strike (filed Jan. 14, 1991) at 8, plaintiffs agree that they are not permitted under section 502(a)(2) to recover damages as plan participants or beneficiaries. All plaintiffs may do is sue on behalf of the plan, and any losses to the plan resulting from a breach of fiduciary duty will be returned to the plan itself. It is worth remembering that in the context of a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Defendants' motion to dismiss with respect to the claims for breach of fiduciary duty in Count One is denied.

---

**2.** Under section 502(a)(2) of ERISA, "[a] civil action may be brought ... by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2) (1988).

Section 1109 of title 29 is section 409(a) of ERISA, and the relevant portion reads as follows:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fidu-

ciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary....

29 U.S.C. § 1109(a) (1988).

### 3. Non–Disclosure Penalties

■ With respect to plaintiffs' claim in Count Two that they are entitled to "penalties for non-disclosure," Complaint, ¶ 40(f), I am persuaded that they have met the liberal standard of notice pleading. The Complaint alleges that "[n]o VSIP amended booklets or Summary Plan Descriptions were distributed to plaintiffs, despite repeated requests by individual retirees. None have been supplied to date." Complaint, ¶ 29. Of course, plaintiffs will have the ultimate burden of proving by a preponderance of the evidence that defendants have violated ERISA's disclosure requirements. Although I intimate no view on the question of whether section 502(c) of ERISA provides the *exclusive* remedy for allegations of non-disclosure, I believe that defendants are sufficiently on notice as to the nature of plaintiffs' non-disclosure claim to justify permitting plaintiff to offer evidence to support this claim. Defendants' motion to dismiss with respect to plaintiffs' non-disclosure claim in Count Two of the Complaint is denied.

### 4. Punitive Damages

Although our own Court of Appeals has not addressed the issue of whether punitive damages are available under ERISA, there is overwhelming authority, both in other circuits and in this district, that punitive damages are *not* recoverable under section 502(a). *See, e.g., Drinkwater v. Metropolitan Life Ins. Co.,* 846 F.2d 821 (1st Cir.), *cert. denied,* 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988); *Pane v. RCA Corp.,* 868 F.2d 631 (3d Cir.1989); *In re Emhart Corp.,* 706 F.Supp. at 156; *Bartucca v. Katy Industries, Inc.,* 668 F.Supp. 111, 114 (D.Conn.1987). In light of the court's ruling that plaintiffs' state law counts must be dismissed, there remains no claim for which punitive damages would either be available or appropriate. Defendants' motion to strike plaintiffs' claim for punitive damages in Count Three of plaintiffs' complaint is granted.

### 5. Interference With Protected Rights

■ In Count Three of their complaint, plaintiffs have alleged that defendants violated section 510 of ERISA[3] by tricking them "into leaving their employment early in order to save money." Complaint, ¶ 45. Assuming plaintiffs' allegations to be true for purposes of the motion to dismiss, I believe that they have stated a cause of action for which relief may be granted. They are certainly entitled to offer evidence to support this claim. Defendants' motion to dismiss with respect to the section 510 claim in Count Three of plaintiffs' complaint is denied.

### 6. Jury Trial

■ Plaintiffs argue that they did not waive their right to a jury trial of their claims under ERISA because they included in their general prayer for relief a request for jury trial. *See* Plaintiffs' Response to Defendants' Memorandum in Opposition to Plaintiffs' Request for Jury Trial and Penalties Under ERISA (filed Apr. 8, 1991) at 1; Complaint, ¶ 61(g). Defendants interpreted this request, which comes at the end of Count Six, as applying only to Count Six itself. *See* Defendants' Memorandum in Opposition to Plaintiffs' Request for a Jury Trial and Penalties Under ERISA (filed Apr. 1, 1991) at 2. Defendants find further support for their position in the fact that plaintiffs explicitly requested a jury in the prayer for relief sections of Counts Four and Five, *see* Complaint, ¶¶ 52(d) & 56(c), but *not* in the corresponding sections of Counts One, Two, and Three claiming violations of ERISA, *see* Complaint, ¶¶ 34, 41, & 48. I am persuaded that plaintiffs' demand for a jury trial applied only to the state law claims in Counts Four, Five, and Six. The fact that plaintiffs checked the "jury de-

---

**3.** The relevant portion of section 510 of ERISA reads as follows:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan....

29 U.S.C. § 1140 (1988).

mand" box on the civil cover sheet provided insufficient notice to defendants because defendants quite reasonably assumed that the jury demand applied only to the state law claims, each of which explicitly included a request for a jury trial.

■ Even if I assume for the argument only that plaintiffs have not waived their right to a jury trial on their ERISA claims, I find that their allegations are essentially equitable in nature for which a jury trial would be inappropriate. Our Court of Appeals held in *Katsaros v. Cody*, 744 F.2d 270 (2d Cir.), *cert. denied sub nom. Cody v. Donovan*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984), that there is no right to a jury trial of ERISA actions seeking "equitable relief in the form of removal and restitution as distinguished from damages for wrongdoing or non-payment of benefits." *Id.* at 278. Plaintiffs have alleged, for example, that defendants have breached their fiduciary duty to the plan, *see* Complaint, ¶ 33, and they seek, among other relief, "an injunction preventing defendants or any successor from amending or terminating the plaintiffs' Retiree Comprehensive Medical Benefits and Dental Assistance Plan coverage under VSIP during their lives and the lives of their spouses," Complaint, ¶¶ 34(c), 41(c), & 48(c). This is not a case where the ERISA claims look only like claims for breach of contract. Unlike in *Zotto v. Scovill*, No. N–85–494 (JAC), slip op. at 12, 1987 WL 49862 (D.Conn. May 27, 1987), the plaintiffs *have* made allegations of breach of fiduciary duty. Plaintiffs cannot be permitted, on the one hand, to argue that their claims for breach of fiduciary duty ought to survive a motion to dismiss, *see supra* section A(2), and then to claim, on the other hand, that they are not trying to obtain a jury for equitable claims. Even if plaintiffs had properly demanded a jury trial—something that I believe they have failed to do—their demand would have been fruitless in light of the essentially equitable nature of their claims. Defendants motion to strike plaintiffs' jury demand is granted.

### B. *Plaintiffs' Motion for Class Certification*

■ Plaintiffs seek certification of a class of "at least 690 [CE] employees and their spouses who elected early retirement under the VSIP program during 1983, 1984, and 1985," Plaintiffs' Memorandum in Support of Motion for Class Certification and Notice (filed June 11, 1990) ("Plaintiffs' Original Memorandum") at 3. At oral argument on March 22, 1991, the court ordered plaintiffs to submit any additional material in support of their motion for class certification. After a full review of the entire record before me, I have determined that an evidentiary hearing on the question of class certification is not required at this time.

There is no question that plaintiffs have satisfied the "numerosity" requirement of Rule 23(a)(1) inasmuch as "the class is so numerous that joinder of all members is impracticable." Defendants dispute that plaintiffs have satisfied any of the other requirements under Rule 23.

#### 1. Common Questions of Law or Fact

Plaintiffs allege that all putative class members "complain that [defendants] promised, both orally and in writing, lifetime basic health care benefits to the plaintiff class. As such, the factual circumstances surrounding the promises of lifetime health care are common to all class members." Plaintiffs' Original Memorandum at 6. Defendants object to this characterization on several grounds. First, they insist that there is no *one* written communication that all members of the putative class received. Second, they argue that insofar as plaintiffs purport to rely on *oral* communications, these are too individualized and variable to be appropriate for class certification. *In re Scientific Control Corp. Sec. Litigation*, 71 F.R.D. 491, 503 (S.D.N.Y.1976) (lack of proof of uniform or standardized representations to purported class precluded class certification).

Plaintiffs seek to rely on *Alday v. Container Corp. of America*, No. 87–488–Civ–J–16, slip op. (M.D.Fla. Sept. 2, 1988), *aff'd,*

906 F.2d 660 (11th Cir.1990), for the proposition that class certification may be appropriate even when the written documents received by the class members were different. *See* Plaintiffs' Supplemental Memorandum in Support of Class Certification (filed Apr. 1, 1991) ("Plaintiffs' Supplemental Memorandum") at 5. In *Alday*, the plaintiffs sought to certify a class of employees who, as of a certain date, were participants in the defendant company's retiree health insurance program. Plaintiffs alleged that defendants altered the health insurance plan on that certain date in violation of ERISA and in breach of fiduciary duties. The court determined that certain questions—whether defendants had the legal right to alter the provisions of the plan and whether defendants breached their fiduciary duty by failing to obtain the best possible benefits for the lowest price—were common to the purported class despite the fact that class members received different "summary booklets, form letters, individual letters, seminars and oral statements on the health plan." *Id.*, slip op. at 4. However, on the question of whether the actions of the defendants in altering the provisions of the plan were in accord with the "understanding" of the participants in the plan as to their anticipated benefits, the court held that

> [i]n the absence of at least one common written document, distributed to all members of the class, in which an objective determination as to its misleading nature could be made, the Court sees no means of handling Plaintiff's third question in a class action. Questions of a person's reliance on oral and written statements are personal and subjective in nature and not ones which can be lumped together into one common understanding.

*Id.*, slip op. at 6.

Although certainly not binding on this court, the *Alday* court's reasoning is sound. I find that plaintiffs have failed to show that there are common issues of fact sufficient to certify the entire putative class as they have sought to define it. Plaintiffs have attempted to demonstrate that although the purported class members received different documents, the documents made the same basic promise on which all retirees relied. *See* Plaintiffs' Supplemental Memorandum, Exhibits E & F. Plaintiffs state that the court need not interpret these documents at this stage in the proceedings; "[w]hat these documents mean and whether they make the promises plaintiffs claim they do, is of course, not the inquiry here." *Id.* at 3. But in order for the court to determine that there are issues "common" to the entire class, it is not sufficient merely to find that every class member received a document. If there were one single promise that the court could examine and interpret for the purposes of determining whether or not defendants are liable to plaintiffs under ERISA, then it would be immaterial that defendants made this promise in different documents. But as the record now stands, plaintiffs have failed to show that the same promise was made to every member of the purported class. Under the circumstances, certification of the putative class is inappropriate for failure to satisfy the "commonality" requirement of Rule 23(a)(2).

Defendants have admitted that "[t]he 340 VSIP retirees from the Windsor, Connecticut plant in July 1985, a group including all of the named Plaintiffs, received two written communications on which Plaintiffs (Windsor retirees) claim to have relied to avoid the reservation of rights language in the SPDs." Supplemental Memorandum of Defendants in Opposition to Plaintiffs' Motion for Class Certification (filed Apr. 5, 1991) at 3. At least as to these 340 retirees from the defendants' Power Systems Group in Windsor, Connecticut, I find that there do exist common questions of fact.

### 2. Typicality

The Supreme Court has stated that the commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members

will be fairly and adequately protected in their absence.

*General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2370 n. 13, 72 L.Ed.2d 740 (1982). The fact that plaintiffs have failed to satisfy the commonality requirements means that the circumstances of the named plaintiffs are not typical of those of the entire putative class.

The "typicality" requirement *is* satisfied with respect to the group of retirees from the Windsor, Connecticut facility. In fact, all named plaintiffs retired from that facility.

### 3. Adequate Representation

Although I do not believe that the named plaintiffs satisfy the "adequacy" requirement with respect to the putative class that plaintiffs now seek to certify, these plaintiffs do adequately represent the retirees from the Windsor, Connecticut facility. They clearly have interests in common with the class of retirees who retired after having received the same documents. I also have no doubt that the plaintiffs will vigorously prosecute the interests of this class through their qualified counsel.

### 4. Maintenance of the Class

In order to be maintainable as a class action, a suit must meet all the requirements set forth in Fed.R.Civ.P. 23(a) and must also fall within one of the subsections of Fed.R.Civ.P. 23(b). *See Sicinski v. Reliance Funding Corp.,* 82 F.R.D. 730, 734 (S.D.N.Y.1979) (Pollack, J.).

With respect to the putative class of retirees from the Windsor, Connecticut facility, the prosecution of separate actions by individual members of the class would create a risk of adjudications which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications. Fed.R.Civ.P. 23(b)(1)(B). In addition, defendants have acted on grounds generally applicable to this putative class as a whole, and if any remedy is found to be required, it would be appropriate for the court to order final injunctive or declaratory relief with respect to the entire class. Fed.R.Civ.P. 23(b)(2). Finally, it is appropriate to find that, at least with respect to the written communications received by the retirees from the Windsor, Connecticut facility, common questions of law or fact predominate over any questions affecting only individual members. Fed.R.Civ.P. 23(b)(3).

## II. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss and to Strike (filed Aug. 31, 1990) is GRANTED in part and DENIED in part: It is granted with respect to the state law claims, and Counts Four, Five, and Six of the Second Amended Complaint are DISMISSED with prejudice; defendants' motion to dismiss and to strike is granted with respect to plaintiffs' request for a jury demand on Counts One, Two, and Three and with respect to plaintiffs' claim for punitive damages in Count Three; and Defendants' Motion to Dismiss and to Strike is denied with respect to plaintiffs' claims for breach of fiduciary duty, non-disclosure penalties, and interference with protected rights.

Plaintiffs' Motion for Class Certification (filed June 11, 1990) is GRANTED in part: This case is hereby certified as a class action, and the class is defined as "all former employees of Power Systems, Combustion Engineering, Inc. of Windsor, Connecticut who retired pursuant to the Voluntary Separation Incentive Program between 1983 and July 1985."

It is so ordered.