William **WESTMAN**, Edward **Eidukonis**, Robert **Serrano**, and William **Finn**, individually and on behalf of all others similarly situated, Plaintiffs,

v.

**TEXTRON, INC.**, Defendant.

Civ. No. 3–91–607 WWE.

United States District Court, D. Connecticut.

Aug. 15, 1993.

Janet Bond Arterton, Markus Landon Penzel, Garrison & Arterton, New Haven, CT, for plaintiffs.

Edward M. Sheehy, Williams, Cooney & Sheehy, Bridgeport, CT, for defendant.

## RULING ON MOTION FOR CLASS CERTIFICATION

EGINTON, Senior District Judge.

Plaintiffs brought this action alleging that the defendant breached its fiduciary duty imposed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiffs have moved pursuant to Fed.R.Civ.P. 23(a), (b)(1)(A) and (b)(2) for certification of a class action consisting of all of defendant's management employees who were eligible for retirement as of October 15, 1990. For the following reasons, the motion for class certification will be granted.

## DISCUSSION

■ A preliminary investigation into the merits of the suit is not necessary when determining whether it may be conducted as a class action. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974). Therefore, when deciding a motion for class certification, a court may accept the allegations in the complaint as true. *Shelter Realty Corp. v. Allied Maintenance Corp.,* 574 F.2d 656, 661 n. 15 (2d Cir.1978) (citing *Shayne v. Madison Square Garden Corp.,* 491 F.2d 397, 398 (2d Cir.1974). To maintain a class action, plaintiffs must establish that the requirements of Fed.R.Civ.P. 23(a) and either (b)(1), (b)(2) or (b)(3) have been satisfied. Fed.R.Civ.P. 23(a) requires a finding that: (1) joinder would be impracticable due to the size of the class; (2) there are common questions of law or fact; (3) the claims or defenses of the representative parties are typical of the class; and (4) that the representatives will protect the interests of the class. Plaintiffs satisfy each of these requirements.

### A. *Size of Class*

The plaintiffs' proposed class consists of 278 people. Joinder of 278 people is, in this case, impracticable.

### B. *Common Law and Facts*

■ The court may certify a class only if the plaintiffs have shown the existence of "questions of law or fact common to the

class." Fed.R.Civ.P. 23(a)(2). An inquiry into the characteristics of the putative class is necessary when determining commonality. Defendant mailed to each member of the class three separate letters which, allegedly, each recipient relied upon when deciding whether and when to retire. This is sufficient basis to find commonality. *Devine v. Combustion Engineering, Inc.,* 760 F.Supp. 989 (D.Conn.1991) (to establish commonality, court must find that there was a common written document, distributed to all members of the class, from which an objective determination as to its misleading nature could be made).

### C. *Typicality*

The representatives of the putative class are typical of the class as a whole. The representatives are claiming a breach of fiduciary duty. They received the same reduced benefits that all other members will eventually receive. The representatives share the same interest in receiving greater benefits and have suffered the same injury as the class. *General Tel. Co. v. Falcon,* 457 U.S. 147, 156, 102 S.Ct. 2364, 2370, 72 L.Ed.2d 740 (1982).

Additionally, typicality is established because each class member's claim arises from the same course of events—the letters sent and meetings held between the years 1985 and 1989—and involves similar legal arguments. *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir.1992).

### D. *Adequacy*

■ Courts focus on two considerations when assessing whether the representative class will fairly and adequately protect the interests of the class: (1) whether there is a potential conflict between the named plaintiffs and the absent class members; and (2) whether class counsel is qualified, experienced, and generally capable of conducting the litigation. *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d at 291.

The retired status of the named representatives does not create an antagonistic relationship to the class as a whole. The retired plaintiffs have incentive to ask for injunctive relief, since such relief would assure them of obtaining the 1988 health insurance benefits.

The affidavits submitted with the motion for class certification demonstrate the attorneys' qualifications. Both are experienced in ERISA and class actions.

### E. *Fed.R.Civ.P. 23(b)*

■ Additionally, plaintiffs must satisfy one of the alternatives of Rule 23(b). Plaintiffs have met the requirements of Rule 23(b)(1)(A). Fed.R.Civ.P. 23(b)(1)(A) provides that a court may certify a class action if the prosecution of separate actions by individual members of the class would create a risk of "inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class...." There is such danger in the present action. The mere fact that the defendant may eventually be found liable to one member of the putative class but not another does not by itself create a risk of incompatible adjudications. *Abramovitz v. Ahern,* 96 F.R.D. 208, 215 (D.Conn.1982). However, whether defendant breached its fiduciary duty is a question common to all potential cases and could, if tried in separate actions, result in wholly inconsistent adjudications.

Finally, despite the fact that the plaintiff did not move for certification under Rule 23(b)(1)(B) or (b)(3), the court finds class certification to be appropriate under both of these subsections. As for Rule 23(b)(1)(B), the prosecution of individual actions by members of the class would create "a risk of adjudications which would, as a practical matter, be dispositive of the interests of the other members not parties to the actions." *Devine,* 760 F.Supp. at 996. Additionally, common questions of law or fact predominate over questions affecting only individual members. Fed.R.Civ.P. 23(b)(3). *Id.*

### CONCLUSION

For the reasons set forth above, the motion for class certification [4–1] is GRANTED.